**In re Joseph A. MOLINO, Debtor.**

**Anna M. HART, Plaintiff—Appellee,**

v.

**Joseph A. MOLINO, Defendant—Appellant.**

**BAP No. 98–8009.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Sept. 2, 1998.

Decided Nov. 4, 1998.

Gregory D. Port, Comisford & Port, LLP, Columbus, OH, argued and on brief, for Appellant.

Thomas E. Friedman, Yavitch & Palmer, Columbus, OH, argued and on brief, for Appellee.

Before: BAXTER, LUNDIN, and RHODES, Bankruptcy Appellate Panel Judges.

## OPINION

This appeal concerns the dischargeability of debts that arose out of a property settlement incorporated in a decree of dissolution of marriage wherein the Plaintiff, Anna Hart,

was to be held harmless by the Debtor. The bankruptcy court determined the debts to be nondischargeable pursuant to 11 U.S.C. § 523(a)(15), finding that the Debtor had the ability to pay the debts and that the detriment to the Plaintiff of discharge would outweigh the benefit to the Debtor.

We affirm the bankruptcy court's holding that the obligation owed by the Debtor is nondischargeable pursuant to § 523(a)(15). The Debtor has not met his burden of proof in demonstrating that either he does not have the ability to pay or that discharging the obligation would result in a benefit to him that outweighs the detrimental consequences to Anna Hart.

## I. ISSUE ON APPEAL

Whether the Debtor's hold harmless obligations to his former spouse are nondischargeable under 11 U.S.C. § 523(a)(15).

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to hear appeals of final orders. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations and internal quotations omitted). "Determinations of nondischargeability under § 523(a) are final orders for appeal purposes." *National City Bank v. Plechaty (In re Plechaty ),* 213 B.R. 119, 121 (6th Cir. BAP 1997) (citations omitted).

■■■ The bankruptcy court's finding of facts are reviewed for clear error and its conclusions of law are reviewed de novo. *Nicholson v. Isaacman (In re Isaacman ),* 26 F.3d 629 (6th Cir.1994); *Longo v. McLaren (In re McLaren ),* 3 F.3d 958, 961 (6th Cir. 1993); *In re Plechaty,* 213 B.R. at 121. A de novo review allows the reviewing panel to look at the interpretation and application of relevant statutes independent of the determination of the bankruptcy court. *National City Bank v. Elliott (In re Elliott ),* 214 B.R. 148, 149 (6th Cir. BAP 1997). As the interpretation and application of § 523(a)(15) involves conclusions of law, we review such de novo. *United States v. Stephens,* 118 F.3d 479, 481 (6th Cir.1997); *Taylor v. Taylor,* 199 B.R. 37, 40 (N.D.Ill.1996). The Panel must affirm the underlying factual determinations unless they are clearly erroneous. *In re Plechaty,* 213 B.R. at 121.

## III. FACTS

The Debtor, Joseph Molino (Molino), and Anna Hart (Hart) are former spouses whose marriage was terminated pursuant to a decree of dissolution (Decree). The Amended Separation Agreement, incorporated into the Decree, required Molino to pay two home equity loans that totaled $22,434.98. The Decree also required Molino to hold Hart harmless on those debts. Hart was awarded the homestead property that secured these loans.

Molino failed to meet the terms of the Separation Agreement. Hart was forced to sell the homestead property and paid the loans in full from the sale proceeds. Subsequently, Hart and her new husband purchased a home with the remaining proceeds from the sale.

Molino sought relief under Chapter 7. Thereupon, Hart filed a complaint asserting nondischargeability under 11 U.S.C. §§ 523(a)(5) and (15) for the debts subject to the hold harmless provisions in the Separation Agreement. After a trial, the bankruptcy court determined that Molino's obligation to Hart was excepted from discharge pursuant to § 523(a)(15). Molino argues that he should receive a discharge pursuant to § 523(a)(15)(A) because he does not have the ability to pay the debt from income or property which is not reasonably necessary for his maintenance and support, or pursuant to § 523(a)(15)(B) because a discharge would result in a benefit to him that outweighs the detriment to Hart.

Molino further argues that he does not have the ability to pay this debt because he

has voluntarily chosen to refrain from seeking future paid employment. Prior to his separation from Hart, Molino was an independent business person earning a yearly income of $48,000. Molino testified that he intends to continue assisting at a bar and grill in which he was a shareholder prior to the bankruptcy filing. Further, he intends to continue to assist his new wife in her dog grooming business. For assisting at the bar, Molino receives $50 to $90 per week which he describes as a reimbursement for costs he incurs traveling to and from the bar. As consideration for assisting his new wife in her business, she supports him as a dependent. His new wife pays all the bills, and he has no debt nor additional expenses following his discharge in bankruptcy.

Molino asserts that while he has practically no income, Hart has a job that pays $30,000 a year, a 1994 Jeep, and has taken two trips to the Caribbean in the last two years. Consequently, he submits it is of greater benefit to him to be discharged from this debt than the detriment that such discharge would cause Hart.

The bankruptcy court found that Molino "had the ability to pay" the debt on the basis that he had "some interest" in the bar and grill, had no health problems, and could potentially find employment to pay off the debt. Further, the court found that because Hart had already expended $22,434.98 on satisfying Molino's obligation on the second and third mortgages and, because Molino was employable, it would constitute an abuse of the discharge provision to grant Molino a discharge. The court also concluded that the benefit to Molino of receiving a discharge was greatly outweighed by the detriment to Hart in granting a discharge.

## IV. DISCUSSION

Section 523(a) of the Bankruptcy Code excepts certain categories of debts from a debtor's discharge granted under sections 727, 1141, 1228(a), 1228(b) or 1328(b). Section 523(a)(5) excepts from discharge marital obligations of a debtor where the obligation owed is "actually in the nature of alimony, maintenance or support of a spouse, former spouse, or child of the debtor." In 1994,

Congress expanded the exception to discharge for marital obligations by adding § 523(a)(15) to the Bankruptcy Code. Section 523(a)(15) excepts from discharge marital obligations that are not nondischargeable alimony, maintenance, or support obligations covered under § 523(a)(5). In most cases, this marital obligation is a property settlement award that is not in the nature of either alimony, maintenance, or support. Nondischargeability under § 523(a)(15) is subject to two exceptions, the existence of either one functioning to permit the debtor a discharge of that property settlement obligation. Subsection (A) provides that the obligation is discharged if the debtor:

> does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 523(a)(15)(A). Subsection (B) provides that the obligation is discharged if "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15)(B).

### A. Burden of Proof.

■ The objecting creditor bears the burden of proof to establish that the debt is of a type excepted from discharge under § 523(a)(15). Once the creditor has met this burden, the burden shifts to the debtor to prove either of the exceptions to nondischargeability contained in subsections (A) or (B). *In re Crosswhite*, 148 F.3d 879, 884–885 (7th Cir.1998); *Gamble v. Gamble (In re Gamble)*, 143 F.3d 223, 226 (5th Cir.1998); *Moeder v. Moeder (In re Moeder)*, 220 B.R. 52, 56 (8th Cir. BAP 1998). The debtor must make these showings by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

## B. Ability to Pay.

The bankruptcy court properly interpreted and applied § 523(a)(15)(A) in finding that Molino had the ability to pay. The court in *Johnson v. Rappleye (In re Rappleye )*, 210 B.R. 336 (Bankr.W.D.Mo.1997), was faced with a similar fact pattern. Therein, properties and obligations were divided between the debtor and his spouse. *Rappleye,* 210 B.R. at 338. Subsequent to the dissolution of the marriage, the debtor voluntarily chose to become a missionary and had virtually no income. *Id.* at 339. The debtor then filed a petition under Chapter 7 and his spouse filed a nondischargeability action pursuant to §§ 523(a)(5) and 523(a)(15). *Id.* at 338. The *Rappleye* court granted judgment for debtor's spouse and ruled that the judgment was nondischargeable pursuant to §§ 523(a)(5) and 523(a)(15). *Id.* at 334. After noting that it was the debtor's burden to show either inability to pay or that the benefit of receiving a discharge outweighs the detriment to the non-filing spouse from having the debt discharged, the court concluded that the debtor had not met his burden. *Id.* at 340–341.

> [A]bility to pay under § 523(a)(15) does not necessarily mean at the time of the trial, but requires the court to consider debtor's future earning capacity. Here, Debtor has voluntarily placed himself in a position of earning less income—virtually no income, in fact—and then claims he is unable to pay his debts. Debtor's decision to become a stake missionary in his church is his decision alone. He chose to place himself in a position of voluntary retirement several years ago. Debtor receives no compensation from his church. Taking a voluntary retirement and working in a voluntary position for the church or a charitable or civic institution is a luxury many people would like to be able to afford. Debtor is not prohibited from making such life-choice decisions, but he cannot do so in order to render himself a pauper in an effort to avoid the lawful support obligations ordered by the Utah dissolution

court, or while seeking the protection of the bankruptcy court as a means to avoid those support obligations. When the obligations to Plaintiff are satisfied, Debtor is free to make such life-choices.

*Id. (citing Florio v. Florio (In re Florio ),* 187 B.R. 654, 656–658 (Bankr.W.D.Mo.1995)). Finding that the debtor was healthy and was apparently able to perform a full-time job as a missionary, the *Rappleye* court ruled that the debtor did not establish an inability to pay sufficient to satisfy the first prong of § 523(a)(15). *Id.*

 We have reviewed the record and find no error in the bankruptcy court's determination that Molino has the ability to pay the subject marital obligations. It was Molino's burden to prove by a preponderance of the evidence that he did not have the ability to pay. He failed to meet his burden. We conclude that a court may look to a debtor's prior employment, future employment opportunities, and health status to determine the future earning potential of the Debtor.*Florio,* 187 B.R. at 657–658. Where, as here, a debtor artificially diminishes his ability to repay obligations addressable under § 523(a)(15), such conduct becomes a factor appropriately considered by the bankruptcy court in a § 523(a)(15) proceeding.

## C. Balancing Test.

The bankruptcy court committed no error in resolving the balancing test under § 523(a)(15)(B) against the debtor.

In an unpublished decision, the Court of Appeals for the Sixth Circuit affirmed the bankruptcy court's adoption of a non-exclusive list of 11 factors in its consideration of § 523(a)(15)(B). *Patterson v. Patterson (In re Patterson ),* No. 96–6374, 1997 WL 745501 (6th Cir. Nov. 24, 1997) (citing *In re Smither,* 194 B.R. 102 (Bankr.W.D.Ky.1996)).[1]

> [T]he best way to apply the 11 U.S.C. § 523(a)(15)(B) balancing test is to review the financial status of the debtor and the creditor and compare their relative stan-

---

1. "Although unpublished decisions of the Sixth Circuit are not binding precedent, they can be cited if persuasive, especially where there are no published decisions which will serve as well."

*Belfance v. Black River Petroleum, Inc. (In re Hess ),* 209 B.R. 79, 82 n. 3 (6th Cir. BAP 1997) (citing *In re Braddy,* 195 B.R. 365, 370–71 (Bankr.E.D.Mich.1996)).

dards of living to determine the true benefit of the debtor's possible discharge against any hardship the spouse, former spouse and/or children would suffer as a result of the debtor's discharge. If, after making this analysis, the debtor's standard of living will be greater than or approximately equal to the creditor's if the debt is not discharged, then the debt should be nondischargeable under the 523(a)(15)(B) test. However, if the debtor's standard of living will fall materially below the creditor's standard of living if the debt is not discharged, then the debt should be discharged under 11 U.S.C. § 523(a)(15)(B).

*Smither*, 194 B.R. at 111. While *Smither* recognized that the application by the court of the § 523(a)(15)(B) balancing test was to be performed on a case by case basis, it offered a non-exclusive list of eleven factors that should be considered by the court:

1.) The amount of debt involved, including all payment terms;

2.) The current income of the debtor, objecting creditor and their respective spouses;

3.) The current expenses of the debtor, objecting creditor and their respective spouses;

4.) The current assets, including exempt assets of the debtor, objecting creditor and their respective spouses;

5.) The current liabilities, excluding those discharged by the debtor's bankruptcy, of the debtor, objecting creditor and their respective spouses;

6.) The health, job skills, training, age and education of the debtor, objecting creditor and their respective spouses;

7.) The dependents of the debtor, objecting creditor and their respective spouses, their ages and any special needs which they may have;

8.) Any changes in the financial conditions of the debtor and the objecting creditor which may have occurred since the entry of the divorce decree;

9.) The amount of debt which has been or will be discharged in the debtor's bankruptcy;

10.) Whether the objecting creditor is eligible for relief under the Bankruptcy Code; and

11.) Whether the parties have acted in good faith in the filing of the bankruptcy and the litigation of the 11 U.S.C. § 523(a)(15) issues.

*Id.*

■ It was Molino's burden to prove by a preponderance of the evidence that a discharge would confer upon him a benefit that outweighs the detrimental consequences to Hart. Our examination of the record in this regard shows that Molino failed to meet his burden.

■ As *Smither* further noted: "Loss of funds by a creditor may be a sufficient detriment to prevent the discharge of a debt, where the debtor can not demonstrate that he or she will receive a benefit which outweighs the detriment." *Id.* Molino presented evidence that he incurred an obligation pursuant to the separation agreement. Further, the parties agreed that Hart satisfied Molino's previous obligation and the debt is now owed by Molino directly to Hart. There are no applicable payment terms. Molino testified that his current income is at most $40 to $90 a week and demonstrated that Hart's income is $30,000 a year. The record is silent as to the income of Molino's and Hart's spouses. Molino testified that he has no expenses, however the record is silent as to the expenses of Hart and both spouses. The record is silent as to what assets are owned by Molino's new wife. Molino has demonstrated that Hart leases a 1994 Jeep Cherokee and lives in a house worth less than $100,000. The record is silent as to the liabilities of Hart and the parties' respective spouses. The record does reflect that Molino is healthy and able to work and has considerable business experience. Molino's wife has her own dog grooming business, and Molino testified that she is in a position to pay for both her own and Molino's daily expenses. The record is silent as to the health, training, or education of any other individual. Molino established that his financial condition became less stable, voluntarily, while Hart's financial condition has become apparently

more stable since the time that they entered into the separation agreement.

Molino had the burden of proving that the discharge of the debt would provide him a benefit outweighing any detriment to Hart. The benefit referred to in § 523(a)(15)(B) is appropriately determined by evaluating the debtor's and the former spouse's financial conditions including their assets, income, expenses, liabilities and future prospects. Reviewing the record in light of these factors, Molino has not met his burden of proof.

## V. CONCLUSION

Accordingly, the order of the bankruptcy court is **AFFIRMED**.