**In re Scott E. GRINDSTAFF, Debtor.**

**Jennifer Dawn West, Plaintiff,**

v.

**Scott M.[SIC] Grindstaff, Defendant.**

**Bankruptcy No. 97–17439.
Adversary No 99–1141.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 22, 2000.

David W. Kieft, Cincinnati, OH, for Debtor.

Harry P. Plotnick, Cincinnati, OH, for Plaintiff.

## MEMORANDUM OF DECISION

JEFFERY P. HOPKINS, Bankruptcy Judge.

Presently before the Court is a summary judgment motion (Doc. 11) filed by the Plaintiff, Jennifer Dawn West ("West"), on February 29, 2000. The Defendant, Debtor Scott E. Grindstaff ("Grindstaff"), has filed no response to the motion. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the Standing Order of reference entered in this district on July 30, 1984. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### I

On October 22, 1999, West commenced this adversary proceeding with the filing of a complaint (Doc. 1). The complaint seeks a determination that a non-support marital debt arising out of a property settlement agreement incorporated into the parties' dissolution decree is nondischargeable under the provisions of 11 U.S.C. § 523(a)(15). Under the terms of the property settlement, Grindstaff is to hold West harmless on a debt associated with a 1995 Honda Passport. Grindstaff filed an answer (Doc. 4) to the complaint on November 4, 1999. West then moved for summary judgment on her claim for nondischargeability on February 29, 2000.[1] As noted, Grindstaff filed no opposition to the motion.

There does not appear to be any dispute over the material facts in this case. West's affidavit is attached to the sum-

mary judgment motion and it establishes the following facts: (1) that West and Grindstaff had been previously married; (2) that the marriage was terminated by a decree of dissolution of marriage entered on December 4, 1995, in the Court of Common Pleas, Division of Domestic Relations, Hamilton County, Ohio; (3) that a separation agreement incorporated into the decree provided, among other things, that Grindstaff was to hold West harmless on an obligation to the Fifth Third Bank that was secured by a 1995 Honda Passport; (4) that Grindstaff failed to make payment to the bank; (5) that the bank commenced a civil action against both West and Grindstaff to collect on the debt; and (6) to avoid garnishment of her wages, West entered into an agreement with the bank to secure a release of her liability whereby she paid the bank $4,853.40 on October 31, 1997. A copy of the check is attached to West's affidavit.

### II

The issue before the Court is whether West is entitled to summary judgment under the authority of 11 U.S.C. § 523(a)(15), which provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

---

1. A telephonic pretrial conference was conducted on the record on February 9, 2000. On February 14, 2000, the Court entered a final pretrial order (Doc. 10) establishing, pursuant to agreement of the parties at the pretrial conference, the following deadlines:

(1) all discovery was to be completed by February 11, 2000; (2) summary judgment motions were to be filed by March 3, 2000; and (3) responses to summary judgment motions were to be filed within fifteen days of service of the summary judgment motion.

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

The Sixth Circuit Bankruptcy Appellate Panel has identified the burden of proof under § 523(a)(15) as follows:

The objecting creditor bears the burden of proof to establish that the debt is of a type excepted from discharge under § 523(a)(15). Once the creditor has met this burden, the burden shifts to the debtor to prove either of the exceptions to nondischargeability contained in subsections (A) or (B).

*Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (6th Cir. BAP 1998).

### III

■ The record establishes that West has satisfied her burden that the debt is of a type excepted from discharge under § 523(a)(15). *See id.* ("Section 523(a)(15) excepts from discharge marital obligations that are not nondischargeable alimony, maintenance, or support obligations covered under § 523(a)(5). In most cases, this marital obligation is a property settlement award that is not in the nature of either alimony, maintenance, or support."). The issue in this case then becomes whether West is entitled to summary judgment on her complaint when Grindstaff has failed to respond to the motion and the record is silent on the defenses which Grindstaff bears the burden of proof at trial.

■ The United States Supreme Court has made it abundantly clear that a summary judgment movant who does not bear the burden of proof at trial is entitled to a judgment when, after adequate time for discovery, the non-movant fails to demonstrate a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant is not required to negate the non-movant's claim with evidence. *Id.* at 323, 106 S.Ct. 2548. Instead, the movant need only direct the court's attention to an absence of evidence to support the non-movant's burden. *Id.* at 325, 106 S.Ct. 2548.

■ In this proceeding, both parties had adequate time for discovery.[2] Moreover, Grindstaff's counsel agreed at the February 9, 2000 pretrial conference to a discovery cutoff date of February 11, 2000. Accordingly, once West filed a motion for summary judgment supported by evidence satisfying her burden that the non-support marital debt in question qualifies for consideration under § 523(a)(15), and is therefore nondischargeable, it was incumbent upon Grindstaff to come forward with his own evidence demonstrating a genuine issue of material fact for trial. In other words, once West met her burden, the burden shifted to Grindstaff to proffer some evidence tending to prove either of the exceptions to nondischargeability contained in subsections (A) or (B) of 11 U.S.C. § 523(a)(15). *See In re Dunn*, 225 B.R. 393, 398 (Bankr.S.D.Ohio 1998)(noting trend among courts to treat the showing that must be made by debtors under subsections (A) or (B) as an affirmative de-

**2.** Nothing in the Federal or Local Bankruptcy Rules of this court prohibited Grindstaff from conducting discovery during the nearly four month period that elapsed between the filing of the complaint on October 22, 1999 and the discovery cut off date on February 11, 2000.

On this record, Grindstaff had more than adequate time to conduct discovery even though the discovery cut off date the parties agreed upon at the February 9, 2000 pretrial conference ended two days afterwards on February 11, 2000.

fense). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. On the record established in this case, the court is left with little choice other than to award judgment in favor of West and against Grindstaff for failing to meet the minimal requirements in order to survive the summary judgment motion.

### IV

For the foregoing reasons, the Motion of Plaintiff for Summary Judgment (Doc. 11), filed on February 29, 2000, will be **GRANTED.** A judgment to this effect will be entered.