Luann **RENFROW**, Plaintiff–Appellee,

v.

Danny J. **DRAPER**, Defendant–Appellant.

No. 99–35144.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2000

Filed Nov. 14, 2000

Richard J. Wotipka, Broihier & Wotipka, Seattle, Washington, for the defendant-appellant.

J. Mark Weiss, Law Office of J. Mark Weiss, P.S., Seattle, Washington, for the plaintiff-appellee.

Before: GOODWIN, ALARCON, and McKEOWN, Circuit Judges.

ALARCON, Circuit Judge:

Danny J. Draper appeals from a judgment by the district court under 11 U.S.C § 523(a)(15) awarding attorney's fees and costs to his creditor and former spouse, Luann Renfrow. On appeal, Mr. Draper maintains that Renfrow had no right to an award of attorney's fees notwithstanding a provision providing for such fees in the couple's divorce decree. Mr. Draper further contends that the district court erred by reversing the bankruptcy court's award of partial costs and replacing it with an award of full costs.

We conclude that Ms. Renfrow was entitled to the attorney's fees she incurred litigating state law issues, both in her state court proceeding and before the bankruptcy court. We vacate the district court's award of full costs and hold that, upon remand, the bankruptcy court should award only those costs that are "reasonable," as required by the divorce decree.

I

On Valentine's Day, 1994, the marriage of Mr. Draper and Ms. Renfrow ended with the filing in the state court of a decree of dissolution (the "divorce decree" or "decree") that distributed their assets and liabilities in a roughly equitable manner. During the course of their union, and owing to Mr. Draper's previous bankruptcy, Mr. Draper and Ms. Renfrow incurred joint obligations in Ms. Renfrow's sole name. As part of the divorce decree, Mr. Draper was ordered to make regular payments to Ms. Renfrow so that she could pay her creditors. Almost immediately, however, Mr. Draper failed to meet his payment schedule. Fearing that her credit would suffer, Ms. Renfrow paid the creditors herself and filed an action in Washington state court to enforce Mr. Draper's obligations under the divorce decree.

Ms. Renfrow filed a motion for summary judgment in the state court action. The state trial court denied the motion "because of factual disputes" regarding the existence and the amount of Ms. Renfrow's claims against Mr. Draper.

Ms. Renfrow's state action was automatically stayed when Mr. Draper filed a petition under Chapter 7 of the Bankruptcy Code. Ms. Renfrow filed a complaint in the bankruptcy court objecting to the discharge of the debts set forth in the divorce decree pursuant to 11 U.S.C. § 523(a)(15).[1]

---

1. With certain exceptions, § 523(a)(15) forbids the discharge through bankruptcy of debts "incurred by the debtor in the course of a divorce ... or in connection with a separation agreement."

She also prayed for an award of attorney's fees, an order requiring Mr. Draper to purchase life insurance until the debts were paid in full, and other "just and equitable relief." In his answer, Mr. Draper denied the allegation in the complaint that he failed to make payments as required in the divorce decree on a loan on a 1992 Toyota Celica, and the amounts owing to American Express Optima, First Interstate, First Card, Bon Marche, and Nordstrom. He also denied failing to procure life insurance. He further denied the allegation in Ms. Renfrow's complaint that she was required to incur attorney's fees in filing and prosecuting the action she filed in state court to enforce the divorce decree. In addition, he claimed that each of the debts was dischargeable pursuant to 11 U.S.C. § 523(a)(5), (15).

Mr. Draper filed a motion for summary judgment in the bankruptcy action to defeat Ms. Renfrow's adversary complaint. In his memorandum in support of his motion, Mr. Draper alleged that "[i]t is disputed whether and to what extent [the Toyota loan and the American Express Optima, First Interstate, First Card, Bon Marche, and Nordstrom credit cards] claims exist." In a subsequent portion of his memorandum, however, Mr. Draper asserted that "[a]lthough [the state trial judge] previously ruled that there were issues of material fact regarding the existence and amount of Renfrow's other claims against the Debtor, *for purposes of this Summary Judgment Motion only*, the existence and validity of her other claims amounts [sic] is assumed" (emphasis added).

Ms. Renfrow filed a response to Mr. Draper's motion for summary judgment and a cross motion for summary judgment. In his reply to Ms. Renfrow's response to his motion for summary judgment, Mr. Draper alleged as follows:

For purposes of Debtor's Motion for Summary Judgment *only,* Debtor has assumed that Renfrow could establish her claims as to the existence and amounts set forth in her adversary complaint. *However, for Renfrow to establish that any claims she may have against Debtor are non-dischargeable, Renfrow must first prove the existence and amounts of such claims at trial* (emphasis added).

The bankruptcy court granted Ms. Renfrow's motion for summary judgment. It held nondischargeable the debts assigned to Mr. Draper pursuant to the divorce decree in the amount of $19,258.48 for the Toyota loan, the American Express Optima, First Interstate, Bon Marche and the Nordstrom credit card debts. The bankruptcy court also ruled that it could not "resolve the issue surrounding First Card without further testimony." It ordered a trial limited to that issue. Thereafter, the parties stipulated that Ms. Renfrow should have judgment entered for $775 on the First Card claim. The bankruptcy court accepted the stipulation.

After judgment was entered in her favor, Ms. Renfrow petitioned the bankruptcy court for prejudgment interest, attorney's fees, and costs. Her motion was denied with respect to attorney's fees, partly denied regarding costs, and granted with regard to the prayer for prejudgment interest. In rejecting her claim for attorney's fees, the court reasoned that the bankruptcy proceeding had involved only the question of the dischargeability of Mr. Draper's debt, and that under the law of this circuit an award of attorney's fees is not permitted if only federal issues construing bankruptcy law were litigated, notwithstanding the express "hold harmless" provision contained within the divorce decree.[2] The bankruptcy court explained its

2. The "hold harmless" provision between the parties provides as follows: "Each party shall hold the other party harmless from any col-

lection action relating to separate or community liabilities set forth above, including reasonable attorney[']s fees and costs incurred in

ruling in the following words: "What's happened here is that we were litigating dischargeability under [§] 523(a)(15) that has no basis in [s]tate . . . law, and that the cases cited by [Mr. Draper] . . . are applicable. Concordantly, I conclude that [Ms. Renfrow] is not entitled to attorney's fees and that will be the order." The bankruptcy court denied a substantial portion of Ms. Renfrow's costs on the basis that they were not recoverable under 28 U.S.C. § 1920.[3]

Both parties appealed from the bankruptcy court's judgment to the district court. Before the district court, Mr. Draper maintained that (1) the bankruptcy court had misapplied 11 U.S.C. § 523(a)(15)(B), (2) Ms. Renfrow's cross-motion for summary judgment had been granted improperly, and (3) the bankruptcy court erred in awarding prejudgment interest. Ms. Renfrow argued that the bankruptcy court erred in denying her request for attorney's fees and full costs.

The district court rejected Mr. Draper's contention that the debt was dischargeable. It reversed that portion of the order of the bankruptcy court denying attorney's fees and full court costs. The district court based its determination that Ms. Renfrow was entitled to attorney's fees and costs on the fact that "Mr. Draper disputed not only the nondischargeability of the debts under § 523(a)(15)(B), but also the validity of the underlying obligations." The district court noted that "in opposing Renfrow's motion for summary judgment, Mr. Draper expressly stated

that he considered the validity of the debts to be a matter of dispute." Finally, the district court concluded that "the determination of the contract's enforceability under state law in this case is integral to the dischargeability determination."

Mr. Draper has timely appealed from that portion of the district court's order awarding attorney's fees and costs to Ms. Renfrow. This court has jurisdiction under 28 U.S.C. § 158(d).

## II

Mr. Draper contends that the bankruptcy court properly refused to grant Ms. Renfrow her attorney's fees and that the district court erred in reversing the bankruptcy court's ruling. Ms. Renfrow maintains that she is entitled to recover the attorney's fees incurred during the bankruptcy proceeding because she was required to demonstrate the validity of the provisions of the state court's divorce decree under Washington law that Mr. Draper pay certain debts and hold her harmless from any collection action in order to prevail on her claim that the debts were non-dischargeable under § 523(a)(15)(A)-(B).

A district court's decision on appeal from a bankruptcy court order is reviewed de novo, applying the same standard of review to the bankruptcy court's findings as did the district court. *See Kord Enterprises II v. California Commerce Bank (In re Kord Enterprises II)*, 139 F.3d 684, 686 (9th Cir.1998); *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d

---

defending against attempts to collect any obligation of the other party."

**3.** Section 1920 provides federal judges with the discretionary power to impose fees and costs as part of a final judgment. It reads:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

439, 441 (9th Cir.1997). We will not disturb the bankruptcy court's refusal to award attorney's fees to Ms. Renfrow unless the court erroneously applied the law or abused its discretion. *See Cedic Dev. Co. v. Warnicke (In re Cedic Dev. Co.),* 219 F.3d 1115, 1116 (9th Cir.2000).

 There is no general right to recover attorney's fees under the Bankruptcy Code. *See In re Kord Enterprises II,* 139 F.3d at 687 (stating the rule and one of its statutory exceptions pursuant to 11 U.S.C. § 506(b)); *In re Baroff,* 105 F.3d at 441. Debts incurred in a divorce proceeding are generally nondischargeable in bankruptcy. *See* 11 U.S.C. § 523(a)(15).[4] Section 523(a)(15) grants exclusive jurisdiction to the bankruptcy courts to determine dischargeability.

We have recently discussed the issue of attorney's fees in nondischargeability proceedings in *In re Baroff,* 105 F.3d 439 (9th Cir.1997), and *American Express Travel Related Services Co. v. Hashemi (In re Hashemi),* 104 F.3d 1122 (9th Cir.1996). *In re Baroff* involved a dispute over a car dealership that ended in bankruptcy. Creditors filed a nondischargeability action against the debtor pursuant to § 523, alleging that the debtor had fraudulently induced them to enter into a settlement agreement. The creditors asserted state and federal claims. *See* 105 F.3d at 440. The bankruptcy court granted summary judgment to the debtor after determining that the California statute of frauds barred the introduction of evidence necessary for the creditors to establish their claims. *See id.* at 441. The bankruptcy court denied the debtor's request for attorney's fees. The district court affirmed. *See id.* We

reversed the district court's judgment. *See id.* at 443.

We acknowledged in *In re Baroff* that "[n]o general right to attorney['s] fees exists under the Bankruptcy Code." *Id.* at 441. We also held, however, that "[b]ecause state law *necessarily* controls an action on a contract, a party to such an action is entitled to an award of fees if the contract provides for an award and state law authorizes fee shifting agreements." *Id.* (emphasis added). We reasoned that because the bankruptcy court was required to determine whether the California statute of frauds applied to the creditors's fraudulent inducement claim before ruling on the question of dischargeability, "the document containing the attorney['s] fees clause in this case played an integral role in the proceedings. Therefore, this action was an action on that contract raising state contract law issues, and the court should have applied state law in determining whether to award attorney['s] fees under the contract." *Id.* at 442.

In *In re Hashemi,* the debtor charged a European luxury vacation to his credit card and declared bankruptcy upon returning to the United States. American Express sought a declaration of nondischargeability under § 523(a)(2)(A), which prohibits the discharge of debts obtained through fraud. The bankruptcy court ruled in favor of American Express, and the district court affirmed. *See In re Hashemi,* 104 F.3d at 1124. We affirmed the district court's judgment. *See id.* at 1127.

After prevailing on its claim that the debt was nondischargeable, American Express sought attorney's fees in this court

---

4. Section 523 reads:
 (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . .

 . . . . .

 (15) . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . unless

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor . . . or

(B) discharging such a debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the debtor. . . .

based on a clause in its cardmember agreement that allowed it to recover attorney's fees. *See id.* at 1126. We ruled that American Express was entitled only to the fees it had incurred in litigating the question whether the debtor breached its contract under state law. *See id.* at 1127.

██ Thus under the rationale of *In re Baroff* and *In re Hashemi,* if a divorce decree provides for the payment of attorney's fees, and state law issues are litigated in the bankruptcy proceedings, attorney's fees are available, but only to the extent that they were incurred litigating the state law issues. Here, the divorce decree was entered in the state of Washington. That state's law authorizes an award of attorney's fees incurred in enforcing the debt obligations of the other party under a divorce decree. *See In re Marriage of Greenlee,* 65 Wash.App. 703, 829 P.2d 1120, 1123 (1992).

██ To prevail on her claim that Mr. Draper's debts were nondischargeable, Ms. Renfrow had to produce evidence of the claim's validity and of the amount that was owing under state law. In her adversary complaint, Ms. Renfrow requested that the court issue "an order fixing the amounts of . . . nondischargeable debts." To render such an order, the bankruptcy court was required to determine whether the state court's order was enforceable.

Mr. Draper's motion for summary judgment also required the bankruptcy court to examine the validity of the terms of the divorce decree. Mr. Draper maintained that summary judgment was appropriate on Ms. Renfrow's claim for attorney's fees because "[i]t is disputed whether and to what extent [Renfrow's] claims exist." In his response to Ms. Renfrow's cross-motion for summary judgment, Mr. Draper also asserted that "Renfrow must first prove the existence and amounts of [her] claims at trial." Because Mr. Draper's motion for summary judgment and his response to Ms. Renfrow's motion for summary judgment denied the validity and the amount of the debts alleged in the adversary complaint, Ms. Renfrow was required to demonstrate in the bankruptcy proceeding that she was entitled to payment of the debts under state law. Ms. Renfrow is entitled to recover the attorney's fees she has incurred in litigating the validity and the amount of Mr. Draper's debts in the bankruptcy proceeding.

In awarding Ms. Renfrow attorney's fees for the total amount of litigation expenses incurred in the bankruptcy court, the district court concluded that Ms. Renfrow was entitled to attorney's fees for litigating her state law claims as well as the bankruptcy law issues because a determination of the contract's enforceability was "integral to the dischargeability determination." We reject this interpretation of our circuit law. The rule we announced in *In re Baroff* does not permit a bankruptcy court to award a party attorney's fees for litigating federal law issues in a bankruptcy court whenever state law is "integral" to determining dischargeability. Instead, we held that attorney's fees should be awarded solely to the extent they were incurred in litigating state law issues. *See* 105 F.3d at 442–43; *In re Hashemi,* 104 F.3d at 1127. Thus, we must vacate the district court's award of attorney's fees. Upon remand, the bankruptcy court must determine the amount of attorney's fees Ms. Renfrow incurred litigating the validity and the amount of the debts under state law.

### III

██ The district court correctly determined that Ms. Renfrow was entitled to an award of the attorney's fees incurred in the state court proceedings stayed by the filing of the petition in bankruptcy. *See Florida v. Ticor Title Ins. Co. of California (In re Florida),* 164 B.R. 636, 640 (9th Cir.BAP 1994) ("[A] bankruptcy court has jurisdiction to liquidate a claim for attorney's fees [in a state court action] intercepted by [an] automatic stay and can determine the debt nondischargeable on a

motion for summary judgment."); *cf. Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1463 (9th Cir.1997) (stating that prejudgment interest incurred in a state court judgment might be declared nondischargeable by a bankruptcy court where the state action was "ancillary" to the bankruptcy proceedings). Because the bankruptcy court had jurisdiction over Mr. Draper's petition in bankruptcy and Ms. Renfrow's adverse complaint regarding the nondischargeability of the debt arising under the "hold harmless" provisions of a divorce decree, the bankruptcy court erred in failing to award Ms. Renfrow the attorney's fees she incurred in attempting to enforce her claim against Mr. Draper in the state court proceedings that were automatically stayed by the filing of the petition in bankruptcy. Upon remand, the bankruptcy court is directed to. award Ms. Renfrow the attorney's fees she incurred in the state court proceeding prior to the automatic stay resulting from the filing of the Chapter 7 petition in bankruptcy.

## IV

The bankruptcy court denied Ms. Renfrow's costs for photocopies and deposition transcripts in the bankruptcy proceeding, believing that reimbursement of these costs was impermissible under 28 U.S.C. § 1920. The bankruptcy court also denied costs incurred by Ms. Renfrow in her state action because it believed that it lacked jurisdiction to impose them.

Rule 7054(b) of the Federal Rules of Bankruptcy Procedure provides that in adversary proceedings, a "[bankruptcy] court may allow costs to the prevailing party except when a statute ... or these rules otherwise provides." Unlike the principle that attorney's fees cannot be awarded, there is no bankruptcy law policy against the granting of costs to a prevailing party for expenses in litigating federal law questions in a bankruptcy proceeding. *See Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir.1991); *cf.* Fed. R. Bankr.P. 8014

("Except as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be taxed against the losing party on an appeal.").

In the absence of a countervailing federal policy against the awarding of costs, the agreement between Mr. Draper and Ms. Renfrow, which provided for the award of "reasonable ... costs," controls in this matter. The costs that may be reasonable is a question of fact. *See Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir.1994) (what constitutes reasonable attorney's fee is a question of fact to be determined by a fact-finder); *Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 344 (5th Cir.1987) (question of what is a reasonable fee is a fact question). Under the "hold harmless" provision of the divorce decree, Ms. Renfrow was entitled to "reasonable" costs incurred in any collection action to enforce Mr. Draper's duty to pay off the debts set forth in the state court's judgment. Accordingly, upon remand, the bankruptcy court must award Ms. Renfrow all reasonable costs incurred in both the state and the bankruptcy court. In such proceedings, Ms. Renfrow will have the burden of proving the reasonableness of her costs. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1258–59 (10th Cir.1998) (party seeking to recover costs bears burden of proving they are reasonable). In addressing the reasonableness of the costs incurred by Ms. Renfrow, the bankruptcy court shall not limit its award to the list of permissible costs itemized in 28 U.S.C. § 1920, in light of the entitlement to all reasonable costs in the "hold harmless" provisions of the divorce decree.

## CONCLUSION

Where state law governs the payment of attorney's fees under a "hold harmless" provision in a divorce decree, a bankruptcy court must award attorney's fees incurred in state court proceedings initiated to col-

lect a debt that has been stayed because of the filing of a petition in bankruptcy under Chapter 7. A party who files an adversary complaint to seek a declaration that a debt is nondischargeable under § 523(a)(15) is also entitled to attorney's fees incurred in meeting its burden of demonstrating the validity of the debt under state law and the amount that is owing. Such a party is not entitled to attorney's fees incurred in litigating the questions presented in § 523(a)(15)(A)-(B) concerning the ability of the debtor to meet his obligations under the divorce decree, and whether a discharge of the debt will result in a benefit that outweighs the detrimental consequences to the spouse of the debtor. Because the issues presented in § 523(a)(15)(A)-(B) are purely federal, no attorney's fees may be awarded by a bankruptcy court for litigating these questions.

The bankruptcy court erred in denying attorney's fees to Ms. Renfrow for the expense of litigating the issues regarding the validity and the amount of the debts under state law. The district court erred in awarding attorney's fees to her for litigating the federal questions presented in § 523(a)(15)(A)-(B). The district court also erred in awarding full costs to Ms. Renfrow. The bankruptcy court erred in awarding only those costs allowable under § 1920. Under the terms of the "hold harmless" provisions of the divorce decree, Ms. Renfrow was entitled to all "reasonable" costs incurred in both court systems.

Upon remand, the bankruptcy court is directed to conduct proceedings to permit Ms. Renfrow to demonstrate the amount of attorney's fees incurred in state court to enforce the "hold harmless" provisions of the divorce decree, and the attorney's fees she incurred in establishing the validity of her claim under state law to demonstrate the nondischargeability of the debt under § 523(a)(15). The bankruptcy court should also award all reasonable costs incurred by Ms. Renfrow in the proceedings in state court and in the bankruptcy court

as required under the terms of the divorce decree.

The judgment of the district court is VACATED. This matter is REMANDED to the bankruptcy court with directions.