**In re Mark E. MARSH, Debtor.**

**Carol Gilley (Marsh) Helsel, Plaintiff,**

**v.**

**Mark E. Marsh, Defendant.**

**Bankruptcy No. 00–22441whb.**
**Adversary No. 00–0281.**

United States Bankruptcy Court,
W.D. Tennessee.

Dec. 20, 2000.

John D. Horne, The Winchester Law Firm, Memphis, TN, for plaintiff.

Mark E. Marsh, Toone, TN, debtor pro se.

## MEMORANDUM OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY

WILLIAM H. BROWN, Bankruptcy Judge.

The Plaintiff, Carol Gilley Helsel, formerly Carol Marsh, filed this adversary proceeding to determine the dischargeability of certain "hold harmless" debt assumptions under the parties' divorce decree and its incorporated marital dissolution agreement. Section 523(a)(15) is the applicable Bankruptcy Code provision, as prayed in the complaint. When the debtor/defendant filed his answer, he was represented by counsel, but his attorney subsequently withdrew. The debtor appeared pro se at the trial of this proceeding on November 14, 2000. At the conclusion of the trial, the Court took the issues under advisement, and this Opinion contains findings of fact and conclusions of law pursuant to FED. R.BANKR.P. 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### ISSUE

The issue presented under § 523(a)(15) is whether the debts assumed by the debtor in the parties' marital dissolution agreement are dischargeable in this Chapter 7 case. That Code section provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably

necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

## FACTS

The facts concerning the debts assumed were not disputed. The marital dissolution agreement provided in its paragraph 18 that the husband, now the debtor, assumed a Bank of Boston Mastercard account and a Value City account, and he agreed to hold the wife, now the plaintiff, harmless on those obligations. Moreover, he agreed not to incur additional debt on those and other jointly-held accounts after the date of the agreement. The plaintiff's proof included the balance now due on the Bank of Boston credit card, $1079.00, and the balance that the plaintiff paid on the Value City account, $1,438.43. When demand was made upon her, the plaintiff exhausted her savings to pay the Value City account in order to protect her credit and to reduce its 20% accruing interest, and she has agreed to pay the Bank of Boston account, now held by Wacova Bank, at $15.00 per month. The plaintiff negotiated an interest reduction in the latter account to 10% for one year, at which time the interest will increase. The plaintiff testified that she was told by the defendant at some point that the Bank of Boston account had been paid off, but instead he continued to charge to that account after the execution of their marital dissolution agreement. The complaint also referred to a Radio Shack account, but no proof was offered at trial about that account.

The complaint asks for a judgment of indemnity, money damages, attorney's fees, costs, and a determination that the judgment is nondischargeable. The answer raises the affirmative defenses of § 523(a)(15) that (A) the defendant is financially unable to pay these debts or (B) that their discharge would have a benefit to the debtor which outweighs the detrimental consequences to the plaintiff. The proof on the defenses was sparse, but the debtor did testify concerning his income and some expenses. The debtor has not remarried, has moved to Bolivar, Tennessee, where he works as a mechanic, and he lives modestly. He has certain debts, including tax obligations, that will survive his bankruptcy discharge. The plaintiff's testimony included the fact that she supports two dependent children, not born of this marriage, that she works 10.5 hour days to repay these debts, and that she remains under financial stress. No one asked the plaintiff how much income she has, how much income her new spouse has, what their actual expenses are, nor what other specific debts she owes. The plaintiff has incurred attorney's fees for this dischargeability action at $150.00 an hour.

## DISCUSSION

The highest authority in this Circuit for the burden of proof on § 523(a)(15) issues is the Bankruptcy Appellate Panel, which concluded that "[t]he objecting creditor bears the burden of proof to establish that the debt is of a type excepted from discharge under § 523(a)(15)." *Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (6th Cir. BAP 1998). In the present case, there is no dispute that these debts were assumed by the debtor in the parties' marital dissolution agreement, which was incorporated into the divorce decree; thus, the debt assumptions clearly were "incurred by the debtor in the course of a divorce ... or in connection with a separation agreement, [or] divorce decree," and are excepted from discharge unless one of the applicable defenses is established. 11 U.S.C. § 523(a)(15). The plaintiff, there-

fore, has carried her initial burden of proof. "Once the creditor has met this burden, the burden shifts to the debtor to prove either of the exceptions to nondischargeability contained in subsections (A) or (B)." *In re Molino*, 225 B.R. at 907 (citations omitted). This shifting burden is logical when subsections (A) and (B) are viewed as affirmative defenses to the proof of nondischargeability. *See* Hon. Bernice B. Donald & Hon. Jennie D. Latta, *The Dischargeability of Property Settlement and Hold Harmless Agreements in Bankruptcy: An Overview of § 523(a)(15)*, 31 FAM.L.Q. 409, 421 (Fall 1997). "The debtor must make these showings by a preponderance of the evidence." *In re Molino*, 225 B.R. at 907 (citation omitted).

■ The debtor/defendant failed in his burden of proving either affirmative defense (A) or (B). As to ability to pay, the debtor's testimony established that he was on a tight budget, having incurred relocation expenses when he moved for a new job. He testified that he was making less now than in the time he was married to the plaintiff due to less overtime and less commission work than he expected. He is living modestly and he still has some other debt that will survive his Chapter 7 discharge. However, he expects to make approximately $30,000 this year, he has not remarried, and he has no dependents. Based upon his income, the debts at issue are relatively minor, totaling approximately $2,500.00, and they could be paid in installments over a reasonable period of time without depriving the debtor of necessary income. Moreover, the debtor failed to put on any proof about his inability to increase his income in the future. As the *Molino* court observed, proof to satisfy § 523(a)(15)(A) must show both present inability to pay as well as future inability. 225 B.R. at 908. The Court understands Mr. Marsh's desire to improve his own standard of living, but the Court may not assume, absent proof, that Mr. Marsh is incapable of obtaining a higher-paying job that would both improve his lot and permit easier payment of these two debts.

■ As to the part (B) balancing between detriment to the plaintiff and the benefit to the debtor, the *Molino* court adopted a "balancing test . . . to review the financial status of the debtor and the creditor . . .," which includes "a non-exclusive list of eleven factors that should be considered by the court." *In re Molino*, 225 B.R. at 908–09. Since no one at trial proved the plaintiff's income, this Court has no way to effectively conduct a balancing test. The debtor bore the burden of proof on this element, and the lack of essential proof caused a failure in his burden. Other factors were not established as well, including the plaintiff's expenses, debts, assets, future employment prospects, and spouse's income, to mention only a few. The picture of the debtor's finances was also less than clear.

The Court concludes, therefore, that the debtor failed to establish by a preponderance of the evidence that either of the affirmative defenses of § 523(a)(15)(A) or (B) apply, leading to a conclusion that the two debts at issue are excepted from the debtor's discharge.

■ The complaint seeks a monetary judgment. While the Court could simply say that the debts are nondischargeable, there was proof of the amount that the plaintiff has paid and that the debts have increased subsequent to the parties' marital dissolution agreement. It is appropriate, therefore, for the Court to enter a judgment to the plaintiff for the amount of $2,517.43, this being the amount of the debts established by the proof. The parties' agreement having provided for payment of interest, this judgment will bear interest at the statutory rate applicable under Tennessee law until paid. The parties should attempt to agree upon a monthly repayment schedule.

■ A final issue concerns the prayer for attorney's fees and costs. A recent decision from the Ninth Circuit is persua-

sive. In *Renfrow v. Draper*, 232 F.3d 688 (9th Cir.2000), that court considered an award of attorney fees and costs to a plaintiff in a § 523(a)(15) adversary proceeding. First observing that "[t]here is no general right to recover attorney's fees under the Bankruptcy Code," the court went on to note that a party in a bankruptcy action may be entitled to fees if the state law governing the action and the contract at issue so provided. *Id.* at 693 (citations omitted). The contract here is the parties' marital dissolution agreement, a contract governed by Tennessee law, and that agreement provides for attorney's fees to the party prevailing on a breach of the agreement. It would appear, therefore, that the plaintiff here has an initial basis for an award of fees. There is, however, another element to the issue. The rule announced in *Renfrow* "does not permit a bankruptcy court to award a party attorney's fees for litigating federal law issues in a bankruptcy court whenever state law is 'integral' to determining dischargeability. Instead, we held that attorney's fees should be awarded solely to the extent they were incurred in litigating state law issues." *Id.* at 694 (citing *In re Baroff,* 105 F.3d 439, 442–43 (9th Cir.1997) and *Am. Express Travel Related Serv. Co. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1127 (9th Cir.1996)). In other words, the litigation solely on the issue of dischargeability under § 523(a)(15) does not provide a basis for an attorney's fee award to the plaintiff. If, however, there was "evidence of the [underlying] claim's validity and of the amount that was owing under state law," and "the bankruptcy court was required to determine whether the state court's order was enforceable," these are state-law issues that were litigated in the dischargeability action, and the bankruptcy court could award fees to the plaintiff only in an amount "incurred litigating the validity and amount of the debts under state law." *Renfrow* at 694.

■ Under this rule, which this Court concludes is a correct one, an award of attorney's fees to the plaintiff in this case is problematic. There being no dispute at trial concerning the validity of the marital dissolution agreement, it does not appear that the Court was called upon to determine the validity of these debts. The significant issue in the litigation was whether the debts were dischargeable, and that is a purely federal-law issue, for which the Bankruptcy Code does not provide for attorney's fees. However, the plaintiff's complaint sought a monetary judgment, the debtor contested the dischargeability at trial, and he filed an answer which denied his liability on the debts, thus forcing the plaintiff to put on proof about these debts. The Court finds, therefore, that a partial award of attorney's fees at a reasonable hourly rate of $150.00 for three hours, a total fee of $450.00, is appropriate. A judgment will be entered in favor of the plaintiff for that amount.

■ In addition, under both the parties' agreement and FED.R.BANKR.P. 7054, an award of costs is appropriate. The plaintiff is entitled to a judgment for the costs related to this complaint, which will include the $150.00 filing fee and any fees incurred in issuing subpoenas. The plaintiff's attorney should file an itemization of the costs of subpoenas and any other costs within ten (10) days of entry of this opinion, serving a copy upon the debtor. In the absence of an objection by the debtor, which objection must be filed within an additional ten (10) days after service of the itemization, the itemized costs will be added to the monetary judgment in this proceeding, and an amended judgment will be entered. If an objection is filed, the Court will rule upon the objection without a further hearing, unless the objection asserts a basis for a further hearing.

A separate Order and Judgment will be entered consistent with this Opinion.