MEMORANDUM**
Educational Credit Management Corporation (“ECMC”) appeals from the district court’s judgment affirming the final judgment of the bankruptcy court, which partially discharged the student loan debt owed by Peggy J. Moore to ECMC. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. We reverse in part and affirm in part.
We review de novo a district court’s decision on an appeal from a bankruptcy court. In re Saxman, 325 F.3d 1168, 1172 (9th Cir.2003). The bankruptcy court’s award of attorneys fees must be upheld unless the court abused its discretion or erroneously applied the law. In re Smith, 317 F.3d 918, 923 (9th Cir.2002).
ECMC contends that the bankruptcy court erred in partially discharging Moore’s student loan pursuant its equitable powers under 11 U.S.C. § 105(a), despite the fact that Moore did not satisfy the three-part “undue hardship” test articulated in In re Rifino, 245 F.3d 1083, 1087 (9th Cir.2001). A student loan may be discharged only on a finding that repayment of the debt would cause an “undue hardship” upon the debtor. 11 U.S.C. § 523(a)(8); see Rifino, 245 F.3d at 1087 (determining that a student debt imposes an undue hardship if: (1) the debtor cannot maintain, based on current income and expenses, a “minimal” standard of living for him and his dependents if forced to pay back the loans; (2) these financial difficulties are likely to persist for a significant portion of the repayment period of the student loans; and (3) the debtor has made good faith efforts to repay the loans). The district court concluded, relying on In re Myrvang, 232 F.3d 1116, 1124 (9th Cir.2000), that the bankruptcy court properly partially discharged Moore’s student debt without a finding of undue hardship pursuant to its Section 105(a) powers.
The district court erred, however, by overlooking our more recent decision in Saxman, in which we stated that “we respectfully disagree ... that partial discharge is sometimes warranted even if the substantive requirements for an undue hardship discharge have not been demonstrated.” Saxman, 325 F.3d at 1174. Both the district court and the bankruptcy court concede that Moore has not satisfied our three-part undue hardship test to discharge her student loan pursuant to 11 U.S.C. § 523(a)(8). We hold, therefore, that she is not entitled to a partial discharge of her debt. Rifino, 245 F.3d at 1089.
*90 Contrary to ECMC’s contention, the bankruptcy court did not abuse its discretion by ordering that each side bear its own fees and costs. Renfrow v. Draper, 232 F.3d 688, 693 (9th Cir.2000). The parties shall bear their own costs on appeal.
AFFIRMED in part; REVERSED in part.

This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.