In re Wendy **GEHRING**, Debtor.

Gary Gehring, Plaintiff,

v.

Wendy Gehring, Defendant.

No. 04–3482.

United States Bankruptcy Court, N.D. Ohio.

Feb. 10, 2006.

Ty S. Mahaffey, Sylvania, OH, for debtor.

-----

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a Trial held on the Plaintiff's Complaint to Determine Dischargeability. Present at the Trial were the Plaintiff, Gary Gehring, and Plaintiff's legal counsel, Ira H. Thomsen. The Defendant/Debtor in this matter, Wendy Gehring, did not appear at the Trial, nor did any legal counsel make an appearance on her behalf. At the Trial, the Plaintiff presented both documentary and testimonial evidence. After considering this evidence, the Court sets forth the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

The Plaintiff and the Defendant are former husband and wife. On February 18, 2003, a decree of divorce was entered terminating the marriage between the Parties. Among other things, the divorce decree set forth these terms: the Defendant was to pay the Plaintiff, as legal custodian of the Parties' minor children, child support; and the Defendant was required to assume as an equitable division of the Parties' marital property, 39% of the Parties' marital debt amounting to $17,777.03.

At the time of their divorce, the Parties were required to provide complete and accurate information as to all debts incurred individually during their marriage. But in direct violation thereof, the Defendant failed to disclose two outstanding debts related to the operation of a business: unpaid sales tax and liability to a supplier. These obligations, which respectively total $4,183.31 and $5,724.84 (plus $77.00 court costs), thereafter gave rise to judgment liens which encumbered the Plaintiff's residence. As a result of these encumbrances, the Plaintiff's ability to realize equity in his residence was restricted.

On August 27, 2004, the Defendant filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Plaintiff was listed as Coobligor in the Defendant's bankruptcy petition. On December 17, 2004, the Plaintiff commenced a timely complaint to determine dischargeability of the obligations herein stated. Notice of the Trial held in this matter was served upon both the Defendant and her legal counsel. (Doc. No. 22). Defendant's legal counsel, however, was subsequently granted, through an order entered by the Court, permission to withdraw. (Doc. No. 24). Exclusive of child support, only the Plaintiff has made any payments on the above obligations.

Based upon these facts, the Court hereby finds that as a matter of law:

The debt owed by the Defendant to the Plaintiff for the care of their children is "actually in the nature," and thus is a nondischargeable obligation under 11 U.S.C. § 523(a)(5).

The Defendant is obligated to pay 39% of the Parties' marital debt, totaling $17,777.03; no amount on this obligation has been paid by the Defendant. This obligation arises directly from the Parties' decree of divorce. Based thereon, the Plaintiff has met his burden to except this debt from discharge under § 523(a)(15). And the Defendant, having failed to appear at the Trial, did not carry her burden to show that either of the exceptions to nondischargeability as contained in this section are applicable. *Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (6th Cir. BAP 1998) ("The objecting creditor bears the burden of proof to establish that the debt is of a type excepted from discharge under § 523(a)(15). Once the creditor has met this burden, the burden shifts to the debtor to prove either of the exceptions to nondischargeability contained in subsections (A) or (B)."). Accordingly, this debt is nondischargeable for purposes of bankruptcy law.

The Defendant, owing at the time the Plaintiff a fiduciary duty, acted in a fraudulent, willful and malicious manner by failing to disclose to the Plaintiff, during the course of their divorce, those two outstanding debts which arose in connection with the operation of her business: the outstanding sales tax and supplier obligation. In addition, the Defendant, prior to filing bankruptcy, continued to act in a fraudulent, willful and malicious manner by permitting these debts to operate as a lien against the Plaintiff's residence. As a result, these two debts, totaling $4,183.31 and $5,724.84 respectively, are nondischargeable under paragraphs (a)(2)(A), (a)(4) and (a)(6) of § 523 of the Bankruptcy Code.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that those debts set forth herein are hereby found to be NONDISCHARGEABLE.

**IT IS FURTHER ORDERED** that, based upon the finding of nondischargeability, judgment is hereby entered in favor of the Plaintiff, Gary Gehring, against the Defendant, Wendy Gehring, in the amount of Twenty-seven Thousand Seven Hundred Sixty-two and 18/100 dollars ($27,762.18), plus interest at the rate of 10% per annum commencing from March 5, 2002.