**In the Matter of Harold N. BERNSTEIN, Debtor.**

**Harold N. BERNSTEIN, Plaintiff,**

v.

**Stephanie NAGEL a/k/a Stephanie Bernstein, Defendant.**

**Bankruptcy No. 81–1369.**
**Adv. No. 82–244.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

June 4, 1982.

6. F.R.Civ.P. 12(b)(1) is made applicable by Bankruptcy Rule 112.

David W. Steen, Tampa, Fla., for plaintiff.

Larry M. Segall, Tampa, Fla., for defendant.

## ORDER ON PRELIMINARY INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a complaint filed by Harold N. Bernstein, the Debtor in the above-captioned Chapter 13 proceeding, against his former wife, Stephanie Nagel. The complaint seeks an injunction against Ms. Nagel prohibiting her from taking any further action in the Circuit Court of Broward County, Florida in connection with the divorce proceeding.

The facts germane to the resolution of this controversy can be summarized as follows:

On August 13, 1981, the Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code and on January 20, 1982, his Chapter 13 plan was confirmed. On February 25, 1982, Ms. Nagel caused the Support Enforcement Division of Broward County to issue a Motion for Contempt and Notice of Hearing and sought an order finding the Debtor in contempt of the Circuit Court for failing to make alimony and child support payments in accordance with a Final Judgment of Dissolution of Marriage entered by the Circuit Court on September 9, 1980. This matter was set down to be heard on April 2, 1982. To preserve the status quo this Court entered a Temporary Restraining Order on April 2, 1982, and as a result, the contempt hearing was not held. It is without dispute that the monies in the state proceedings involve enforcement of alimony and child support.

It is well to state at the outset that the area of domestic relations and controversies relating to same have traditionally been left to the states. *Santosky v. Kramer*, —— U.S. ——, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Thus, it is evident that the commencement and dissolution of marriages are strictly within the competency of the respective states and no federal legislation, regardless of how broad and how remedial, should interfere ordinarily with the divorce proceeding and the federal courts, including bankruptcy courts, should proceed with great caution in this area in order not to upset the delicate balance between the federal and state relationships. *In re Waller*, 494 F.2d 447 (6th Cir. 1974); *In re Popovici v. Alg*, 280 U.S. 379, 50 S.Ct. 155, 74 L.Ed.2d 489 (1929).

Thus, the Section of the Code pertinent to the matter under consideration, must be interpreted and construed in light of the foregoing principles and requires that the court strikes a balance between the two seemingly irreconcilable purposes. First, it is evident that Congress never intended to create a sanctuary in which debtors could seek refuge in order to avoid domestic support obligations, *Gonzalez Hernandez v. Borgos*, 343 F.2d 802 (1st Cir. 1965). On the other hand, Congress clearly did not intend to permit creditors to thwart and frustrate the efforts of a debtor to obtain rehabilitation through the remedial provision of Chapter 13, *In re Garrison*, 5 B.R. 256 (Bkrtcy.E.D.Mich.1980).

The difficulty stems from the fact, however, that there is a strong Congressional policy expressed by the Bankruptcy Code which is to assist financially embarrassed debtors to obtain a fresh start in life and achieve rehabilitation under the provisions of Chapter 13.

The relevant Section of the Code provides as follows:

§ 362(a), (b)(2)

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(b) The filing of a petition under Section 301, 302, 303 of this title does not operate as a stay—

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property *that is not property of the estate.*" (emphasis supplied)

■ It has been recognized, even under the pre-Code law, that the mere filing of a petition under Chapter 13 of the Code does not automatically stay proceedings designed to enforce alimony and child support obligations. *In re Garrison, supra.* However, since the underlined phrase, "that is not property of the estate," restricts the sources which are available to satisfy these obligations, it is necessary to consider the meaning of this phrase in the context of a Chapter 13 proceeding.

■ Section 1306(a)(1), (2) defines "property of the estate" for purposes of a Chapter 13 proceeding. It provides:

§ 1306(a)(1), (2)

"(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of this case, but before the case is closed, dismissed or converted to a case under Chapter 7 or 11 of this title whichever occurs first; and

(2) *earnings from services performed by the debtor after the commencement of the case,* but before the case is closed, dismissed or converted to a case under Chapter 7 or 11 of this title, whichever occurs first." (emphasis supplied)

Reading these two Sections together might indicate, at first blush, that a non-debtor spouse is prohibited from subjecting any property of the debtor to satisfy a support obligation except properties which are not properties of the estate. Although the broad definition of § 1306(a)(2) seemingly includes all post-petition acquisitions in addition to properties which by virtue of § 541 are already properties of the estate, as a practical matter, there are no properties which could be reached by the non-debtor spouse. This contention, of course, flies right in the face of a specific and clear provision of the Code which provides that obligations based on alimony or support are one of the two obligations which are non-dischargeable. It is important to point out, however, that there is an additional provision of the Code which furnishes the solution to this apparently otherwise unresolvable dilemma—a Section which deals with post-confirmation matters.

Section 1327(b), (c) provides in pertinent part as follows:

§ 1327(b), (c)

"(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan,

**598**

the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan."

 Thus, once a plan is confirmed, neither post-petition earnings nor post-petition acquisitions are any longer properties of the estate. From this it follows that these post-petition acquisitions are subject to the claim of a non-debtor spouse for the satisfaction of alimony and support obligations. Thus, while the automatic stay prohibits collection efforts by a non-debtor spouse from properties of the Debtor between the date of filing and the date of confirmation, this protection ceases after confirmation and the non-debtor spouse may proceed without any further interference from the Bankruptcy Court and subject "all properties" of the Debtor and "all future earnings" of the Debtor with the exception of properties or earnings which are needed to fund the plan. In the instant case, as noted earlier, the plan was confirmed and the plan fails to set aside any property for the purpose of funding the plan but merely provides a submission of a total of $21,600 over 36 months in monthly payments which increase in amount every 6 months.

This being the case, the Plaintiff in this instance should be permitted to proceed to collect past due alimony and support obligations and, of course, to satisfy obligations currently accruing and to subject any future earnings, over and above what is needed to fund the plan, and also to proceed against properties owned by the Debtor or thereafter acquired.

In light of the foregoing, the temporary restraining order heretofore entered is no longer warranted and the same shall be dissolved.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Temporary Restraining Order heretofore entered by this Court be, and the same hereby is, dissolved. It is further

ORDERED, ADJUDGED AND DECREED that the complaint filed by Harold N. Bernstein against Stephanie Nagel aka Stephanie Bernstein be, and the same hereby is, dismissed.