**In re David E. ROMER, Debtor.**

**Melinda Bubp, Plaintiff,**

v.

**David E. Romer, Defendant.**

**No. 98–3294.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Sept. 11, 2000.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court after a Trial upon the Plaintiff's Complaint to Determine the Dischargeability of certain debts owed by her former husband, the Defendant David E. Romer. At the Trial, the parties were afforded the opportunity to present evidence and make arguments in support of their respective positions. The Court has now had the opportunity to review the arguments of Counsel, the exhibits, as well as the entire record of this case. Based upon this review, and for the following reasons, the Court finds that the debts at issue in this case are Nondischargeable.

### FACTS

On March 12, 1992, the marriage between the Plaintiff, Melinda Bubp (hereinafter referred to as the Plaintiff), and the Defendant, David E. Romer (hereinafter referred to as the Defendant), was dissolved pursuant to a decree of divorce entered by the Mercer County Court of Common Pleas. The terms of this decree provided, among other things, that: (1) the Defendant was to pay to the Plaintiff a lump-sum of Eight Thousand dollars ($8,000.00) as the result of the Plaintiff withdrawing this sum of money from her retirement account; (2) the Defendant was to be solely responsible for certain credit card debts that the Parties had incurred together; and (3) the Defendant, in addition to paying child support for the Parties' youngest child, was to be responsible for certain medical expenses of this child. With respect to the latter obligation concerning the Defendant's child support and medical care obligations, the Defendant has stipulated that any liability arising therefrom is a nondischargeable support obligation pursuant to 11 U.S.C. § 523(a)(5).[1] The Defendant, however,

Randy L. Reeves, Lima, OH, for Plaintiff.

Kristine H. Reed, Waynesfield, OH, for Defendant.

1. This section provides, in part, that, "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt to

through his bankruptcy petition, seeks to have the other aforesaid mentioned martial debts discharged. In response, the Plaintiff filed a timely adversary proceeding in accordance with Bankruptcy Rule 7001 seeking to hold these debts nondischargeable under 11 U.S.C. § 523(a)(15). Thereafter, on August 25, 2000, a Trial was held on this matter, at which time the Parties presented to the Court the following factual information in support of their respective positions under § 523(a)(15):

The Plaintiff and the Defendant have between them three (3) children, two of whom at the time of the Trial were past the age of majority. With regards to the Parties' children, it was related to the Court that one of the Parties' adult children lives with the Defendant, while the Parties' only minor child lives with the Plaintiff who has since remarried and moved to Florida.

Presently, the Defendant is 51 years of age and in good physical health. At the time of the Trial, the Defendant was employed as a truck driver, a position which he has held for a number of years. At this position, the Defendant earns approximately Fifty Thousand dollars ($50,000.00) per year. From this salary, which according to the Defendant is not likely to significantly change, the Defendant's net take-home pay, after figuring in a Five Hundred dollar ($500.00) per month child support expense for the Parties' youngest child, is approximately Two Thousand Three Hundred dollars ($2,300.00) per month. On the other side of the equation, the Defendant asserts that the following figures constitute his reasonable monthly expenses:

| | |
|---|---|
| Rent | $370.00 |
| Electric and Heating Fuel | $100.00 |
| Telephone | $200.00 |
| Cable | $ 34.00 |
| Home Maintenance | $216.00 |
| Food | $540.00 |
| Clothing | $100.00 |
| Laundry & dry-cleaning | $120.00 |
| Medical/Dental Expenses | $150.00 |
| Transportation | $230.00 |
| Recreation | $100.00 |
| Life Insurance | $113.00 |
| Auto Insurance | $239.00 |
| City Taxes not Withheld | $ 42.00 |
| Auto Payment | $177.00 |
| Consumer Credit Payment | $120.00 |
| Credit Card Payment | $ 20.00 |
| Storage Shed Rental | $132.00 |
| Total Monthly Expenses | $3,003.00[2] |

With respect to these figures, it was brought to the Court's attention that, also included within the above enumerated monthly living expenses of the Defendant, are those expenses of a Ms. Rita Butcher, with whom the Defendant lives with and shares living expenses. According to the Defendant, the inclusion of such expenses within his monthly budget is compensated for by the fact that Ms. Butcher contributes to the Defendant's household income. It was, however, also called to this Court's attention that Ms. Butcher has been off work and will continue to be off work quite a lot as the result of an illness, and that this illness has caused the expenses of the Defendant to increase. It was also brought to the Court's attention that, included with the Defendant's budgeted monthly expenses, are some costs that are incurred by the Defendant with regards to

a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement[.]"

2. Over the course of this case, the Defendant provided to the Court a few significantly varied expenses figures. The Defendant explained that such discrepancies were the result of actual changes in his monthly expenses. However, the Court does not fully accept this explanation as the Defendant's expenses were always close to the amount of net income that the Defendant claimed he had available on a monthly basis. Reinforcing this position, is the fact that the Defendant has in the above figures listed a recreation expense of One Hundred dollars ($100.00) per month; however, the Defendant testified that within a couple of weeks of the Trial he had spent approximately this sum attending one auto race.

his adult children. In particular, some food and laundry expenses incurred by the Defendant's adult children are included within the Defendant's monthly budget. However, the evidence of this case shows that neither one of the Defendant's older children contributes to the Defendant's household income.

In addition to the above stated information concerning the Defendant's income and expenses, evidence of the Plaintiff's financial situation was also presented to the Court. In this respect, it is uncontested that the Plaintiff, although earning slightly more in the past, now earns between Fifty Thousand dollars ($50,000.00) and Sixty Thousand dollars ($60,000.00) per year. Further, when this income is combined with her husband's income, the Plaintiff's gross household income is approximately One Hundred Ten Thousand dollars ($110,000.00) per year. As for the Plaintiff's expenses, no evidence was presented of this fact, other than it being established that the Plaintiff is able to earmark for her daughter's college fund, all the money that she receives from the Defendant as child support. The Plaintiff, however, related to the Court that she presently has no retirement savings and that a large portion of the funds which the Defendant now seeks to discharge were specifically designated for that purpose. With regards to this assertion, it was also pointed out that the Defendant was able to keep a prepetition retirement account as a result of this account qualifying as an exempt asset under Ohio law.

### LAW

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

### DISCUSSION

Proceedings brought to determine the dischargeability of a particular debt are core proceedings pursuant to 28 U.S.C. § 157(b)(2). Thus, this case is a core proceeding.

 The statutory basis for the Plaintiff's Complaint to Determine Dischargeability rests entirely upon the exception to discharge contained in § 523(a)(15) of the Bankruptcy Code. Under this section, any debts which are incurred by a debtor during the course of a separation or divorce or under a separation agreement or court order, and which do not otherwise fall within the exception to discharge contained in 11 U.S.C. § 523(a)(5), are excepted from a bankruptcy discharge. However, in an effort to further the fresh start policy of the Bankruptcy Code, the breadth of § 523(a)(15) is limited in two very important respects. First, § 523(a)(15) does not apply when a debtor does not have "the ability to pay" the marital debt(s) from income that is not reasonably to be expended in support of the debtor or the dependents of the debt-

or. 11 U.S.C. § 523(a)(15)(A). Second, the § 523(a)(15) exception to discharge does not apply when discharging that debt would result in a benefit to the debtor that would outweigh the detrimental consequences to a spouse, former spouse, or child of the debtor. 11 U.S.C. § 523(a)(15)(B). In conformance therewith, the Defendant, while not contesting the actual applicability of § 523(a)(15), asserts that at least one of the two exceptions to nondischargeability contained in § 523(a)(15) is germane. In addressing this assertion, the Court will begin its analysis with the Defendant's contention that he does not have the ability to pay his debts to the Plaintiff in accordance with § 523(a)(15)(A). However, before addressing this contention, the Court makes two observations: First, since the two limitations to the discharge exception of § 523(a)(15) are read in the disjunctive, a debt will be subject to a bankruptcy discharge upon a finding by the Court that either limitation is applicable. *Melton v. Melton (In re Melton)*, 238 B.R. 686, 694 (Bankr.N.D.Ohio 1999); *Oswald v. Asbill (In re Asbill)*, 236 B.R. 192, 197 (Bankr. D.S.C.1999). Second, and although some courts do not agree, this Court and the Bankruptcy Appellate Panel for the Sixth Circuit have held that it is the debtor who bears the burden of proof to establish, by a preponderance of the evidence, that one of the two exceptions to nondischargeability contained in § 523(a)(15) are applicable. *Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (6th Cir. BAP 1998); *Adams v. Adams (In re Adams)*, 241 B.R. 880, 882 (Bankr.N.D.Ohio 1999); *Newcomb v. Miley (In re Miley)*, 228 B.R. 651, 656 (Bankr.N.D.Ohio 1998); *Perkins v. Perkins (In re Perkins)*, 221 B.R. 186, 190 (Bankr.N.D.Ohio 1998); *Cooke v. Cooke (In re Cooke)*, 213 B.R. 830, 834 (Bankr. N.D.Ohio 1997).

■ Under § 523(a)(15)(A), a debtor who does not have the "ability to pay" a marital debt is entitled to have that debt discharged. To make such a determina-tion, a two-step analysis is conducted. First, a court must determine if the debtor has any "disposable income" which could be utilized to pay the marital debt. If not, then the debt is dischargeable. In making this determination, the debtor's income and expenses are normally gauged from the time the trial is conducted; although if the circumstances of the particular case so warrant, a bankruptcy court may consider circumstances concerning a debtor's future earning potential. *Miller v. Miller (In re Miller)*, 247 B.R. 412, 415 (Bankr.N.D.Ohio 2000). Second, if the debtor is found to have some "disposable income" available, the debt will still be dischargeable unless it is ascertained that the debtor can realistically pay, after considering the total amount of indebtedness involved, the marital debts within a reasonable amount of time. *Melton v. Melton (In re Melton)*, 238 B.R. 686, 695 (Bankr.N.D.Ohio 1999). In this respect, however, a court may consider discharging a portion of the marital debt, if the circumstances of the particular case would make it equitable to do so. *In re Miller*, 247 B.R. at 415–16.

■ Upon applying the above test to the case sub judice, it would initially appear that the Defendant does not have the ability to pay the debts at issue given that his monthly income of Two Thousand Three Hundred dollars ($2,300.00) is clearly not enough to cover his monthly expenses of Three Thousand Three dollars ($3,003.00). However, the Court is not bound to accept the expense figures utilized by the Defendant. Instead, it is axiomatic that a bankruptcy court should undertake its own independent examination of a debtor's financial situation to determine if either an upward adjustment in income or a downward adjustment in expenses is appropriate. *See Marquis v. Marquis (In re Marquis)*, 203 B.R. 844, 851 (Bankr.D.Me.1997). In accordance with this principle, the Court, after closely examining the Defendant's expenses, finds that a downward adjustment in the Defendant's expenses is proper. A review of the

"disposable income" requirement of § 523(a)(15)(A) explains why.

Under § 523(a)(15)(A)'s disposable income requirement, a debtor is only entitled to claim those expenses which are "reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor." Thus, for purposes of § 523(a)(15)(A), a debtor must establish two things: (1) their expenses are reasonably necessary based upon their financial condition; and (2) their expenses are to be utilized solely for the purposes of supporting themselves and/or their dependents. A review of the record of this case, however, shows that neither of these requirements has been met. In particular, the facts of this case show that the Defendant has included within his monthly budget those expenses of Ms. Butcher and his adult sons. However, there is nothing to indicate that any one of these parties, although surely benefitting from the Defendant's financial assistance, is in actual need of the Defendant's support. In addition, and although not always conclusive, there is nothing to indicate that the Defendant is legally obligated to support Ms. Butcher or his adult children. Thus, these parties simply do not qualify as dependants for purposes of § 523(a)(15)(A). *See In re Gonzales,* 157 B.R. 604 (Bankr.E.D.Mich. 1993) (in order to be a dependent for purposes of the Bankruptcy Code, a person must be supported financially by the debtor, and "reasonably rely" on such support). Furthermore, the Court is not convinced that all of the Defendant's expenses are "reasonably necessary" within the meaning of § 523(a)(15)(A). Specifically, the Court finds that some of the Defendant's expenses are unwarranted given the Defendant's current financial condition. By way of example, the Defendant's allocation of Two Hundred dollars ($200.00) per month for telephone service seems excessive when, as the Defendant claims, he cannot meet his martial obligations to his ex-wife. Similarly, appropriating Two Hundred Sixteen dollars ($216.00) per month for home maintenance seems a bit ostentatious when one considers that the Defendant rents an apartment. Accordingly, for these reasons, the Court finds that the Defendant's above enumerated expenses do not comport with the requirements of § 523(a)(15)(A), and thus a downward adjustment in such expenses is appropriate. In this regard, it is the position of this Court that the following itemized list of expenses accurately represents those expenses which are "reasonably necessary" to support the Defendant within the meaning of § 523(a)(15)(A):

| | |
|---|---|
| Rent | $ 370.00 |
| Electric and Heating Fuel | $ 100.00 |
| Telephone | $ 125.00 |
| Cable | $ 34.00 |
| Home Maintenance | $ 50.00 |
| Food | $ 400.00 |
| Clothing | $ 50.00 |
| Laundry & Dry Cleaning | $ 30.00 |
| Medical/Dental Expenses | $ 50.00 |
| Transportation | $ 150.00 |
| Auto Insurance | $ 60.00 |
| City Taxes not Withheld | $ 42.00 |
| Auto Payment | $ 177.00 |
| Consumer Credit Payment | $ 120.00 |
| Credit Card Payment | $ 20.00 |
| Storage Shed Rental | $ 75.00 |
| Total Monthly Expenses | $1,853.00 |

Based upon these monthly expenses, it is clear that the Defendant has the means to generate a disposable income of more than Four Hundred dollars ($400.00) per month, and thus the Defendant has, for purposes of § 523(a)(15)(A), the "ability to pay" his marital debts within a reasonable amount of time. In particular, the Court observes that if the Defendant were to devote, after paying the above expenses, most of his take-home salary toward the repayment of his marital debts, the Defendant could easily have his debts to the Plaintiff satisfied in well under five (5) years. Furthermore, given that this is a relatively short period of time, the Court does not find that the equities of this case would call for partially discharging the Defendant's marital obligations under 11 U.S.C. § 523(a)(15)(A). Accordingly, as the Defendant has the "ability to pay" his marital debts within

the meaning of § 523(a)(15)(A), the Court will now proceed to examine the Defendant's qualification for a discharge under subparagraph (B) of § 523(a)(15).

■■■■ Section 523(a)(15)(B), which is commonly referred to as "Balancing Test,"[3] provides that a marital debt will be discharged if the benefit to the debtor in discharging such a debt would outweigh the detrimental consequences to a spouse, former spouse, or child of the debtor. *See e.g., Hart v. Molino,* 225 B.R. 904, 908–09 (6th Cir. BAP 1998). In conducting this balancing test, this Court, in *Melton v. Melton (In re Melton),* applied what has become to be known as the "standard of living" test to determine if a debtor has met his or her burden under § 523(a)(15)(B). 238 B.R. 686, 695 (Bankr. N.D.Ohio 1999). Under this test, the Court compares the parties' respective standards of living to determine if the debtor's standard of living will fall materially below that of the creditor's standard of living if the debt is not discharged. *Hart v. Molino (In re Molino),* 225 B.R. 904, 908–09 (6th Cir. BAP 1998). Although many different factors are relevant in making such a determination, some of the most important considerations in this respect concern the parties' current income, expenses and available assets. *Id.* at 909.

■■■■ With regards to these considerations, the facts presented in this case show that both the Plaintiff and the Defendant earn about the same salary per year. In addition, the facts of this case also show that both the Plaintiff and the Defendant have available some excess income each month to allocate to nonessential expenses. In particular, it was brought to the Court's attention that the Defendant, even after covering some of the expenses of Ms. Butcher and his two adult children, was just recently able to afford an approxi-

mately One Hundred dollar ($100.00) expense to see a car race event. Similarly, the Plaintiff, after presumably covering all her expenses, is able to devote all or most of the child-support money that she receives from the Defendant to her daughter's college savings. Also with regards to the above stated considerations, the facts of this case show that both Parties, while not having any major assets (although the Defendant does presently maintain a retirement containing prepetition assets), are able to afford all the basic amenities of life. Thus, given these considerations, it can be safely stated that each Party, although not necessarily living extravagantly, is able to maintain a comfortable standard of living. Notwithstanding, the Defendant maintains that for purposes of discharging his marital obligations under § 523(a)(15)(B), the Plaintiff's standard of living is considerably higher when one factors in the income of her husband.

■■■■ Under § 523(a)(15)(B), the income of the creditor's spouse is clearly relevant in any analysis comparing the parties' respective standards of living. *Id.* Nonetheless, when a debtor seeks to interject the income of a creditor's spouse into an analysis under § 523(a)(15)(B), the expenses of that party also become germane. In this case, however, no evidence was presented as to the expenses of either the Plaintiff or the Plaintiff's husband. As a result, the Court cannot conclude that the income of the Plaintiff's husband causes the Plaintiff's standard of living to rise substantially above that of the Defendant. Accordingly, the Court, given its finding that both of the Parties enjoy at least a comfortable standard of living, holds that the Defendant has not met his burden under § 523(a)(15)(B).

In summary, the Court holds that the Defendant has not met his burden of showing that either one of the exceptions con-

---

**3.** This test, however, has been widely criticized because of the lack of clear and concise guidelines contained in the statute. *See, e.g., Johnston v. Henson (In re Henson),* 197 B.R.

299, 304 (Bankr.E.D.Ark.1996); *Hill v. Hill (In re Hill),* 184 B.R. 750, 756 (Bankr.N.D.Ill. 1995).

tained in § 523(a)(15) are applicable. Therefore, those debts enumerated in this Opinion are hereby found to be nondischargeable martial obligations in accordance with § 523(a)(15). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Defendant's legal obligation to the Plaintiff concerning the Eight Thousand dollars ($8,000.00) that was withdrawn from the Plaintiff's retirement account, be, and is hereby, determined to be a Nondischargeable Debt under the same terms and conditions as set forth on page 5, at paragraph G, of the Decree of Divorce entered by the Common Pleas Court of Mercer County in Case No. 91–DIV–064.

It is **FURTHER ORDERED** that the Defendant's legal obligation to the Plaintiff concerning those credit card debts enumerated in the Decree of Divorce entered by the Common Pleas Court of Mercer County in Case No. 91–DIV–064, be, and are hereby, determined to be Nondischargeable Debts under the same terms and conditions as set forth in the Parties' Decree of Divorce.