In re Vickie Anne SHURELDS a/k/a Vickie Anne Smith, Debtor.

Tom G. Smith, Plaintiff,

v.

Vickie Anne Shurelds, Defendant.

Nos. 00–3233, 00–32496.

United States Bankruptcy Court, N.D. Ohio.

April 6, 2001.

Randy L. Reeves, Lima, OH, for plaintiff.

Andrew B. King, Lima, OH, for defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This case comes before the Court upon the Parties' Cross–Motions for Summary Judgment. The underlying cause of action concerns the Plaintiff's Complaint to Determine the Dischargeability of a Debt. This specific debt at issue arises from a judgment rendered by the Allen County Court of Common Pleas on May 27, 1999, during the Parties' divorce proceedings. In this judgment, the Defendant/Debtor was directed to pay the Plaintiff Ten Thousand dollars ($10,000.00) as and for a distributive award. The statute upon which the Plaintiff relies for his Complaint is 11 U.S.C. § 523(a)(15) which generally provides that those debts incurred by the debtor in the course of a divorce or in connection with a divorce decree are nondischargeable.

### FACTS

On December 26, 1985, the Plaintiff, Tom Smith, and the Defendant, Vickie Anne Shurelds, were married in Lima, Ohio. Fourteen (14) years later the couple filed for divorce, and on May 27, 1999, the Allen County Court of Common Pleas found that the Parties were incompatible

and that a Divorce should be granted for this reason. As a part of the Divorce, the Defendant was allowed to keep her 401(k) account. Similarly, the Plaintiff was allowed to keep his pension plan through the Cleveland Bakers and Teamsters Union. However, a difference in the values between these two marital assets resulted in a distributive award being rendered by the Allen County Court of Common Pleas in the Plaintiff's favor. As a part of the distributive award granted to the Plaintiff, the Defendant was required to pay Ten Thousand dollars ($10,000.00) within ninety (90) days after the entry of the Court's Divorce Decree. The Defendant, however, failed to comply with this requirement, and as a result, the Defendant, on February 17, 2000, was found in contempt of the Court's order dated May 27, 1999. As a part of the Court's finding of contempt, the Defendant was ordered to serve three (3) days confinement, unless she paid the Plaintiff Three Hundred dollars ($300.00) per month towards the Ten Thousand dollars ($10,000.00) owed to him. The Defendant was also ordered to pay Two Hundred Fifty dollars ($250.00) in attorney's fees.

On June 12, 2000, the Defendant filed for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, the Plaintiff filed the instant adversary proceeding asking the Court to determine that all amounts the Defendant was to pay pursuant to the Divorce Decree be found nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

Pursuant to the exhibits produced by the Defendant, the Court learned that the Defendant works for Lima Communications Corporation making Forty–Two Thousand Seven Hundred Seventy Seven and 10/100 dollars ($42,777.10) gross income per year and Thirty–One Thousand One Hundred Thirty and 60/100 dollars ($31,130.60) net income per year. In addition, the Defendant presented to the Court that her reasonable monthly expenses are as follows:

**Misc. Deductions from Defendant's Net Income (on an Annual Basis)**

| | |
|---|---|
| − 401(k) | $ 434.84 |
| − 401(k) | $ 1,916.32 |
| − 401(k) | $ 1,879.20 |
| − YMCA | $ 297.64 |
| − United Way | $ 105.00 |
| − Garnishment | $ 1,563.84 |
| − Misc. Loan | $ 2,636.41 |
| Total Per Year | $ 8,833.25 |

**Calculation of Defendant's Per Month Income After Misc. Deductions**

| | |
|---|---|
| Net Income | $ 31,130.60 |
| − Total Deductions Per Year | $ 8,833.25 |
| Annual Take home pay | $ 22,297.35 |
| Plus Annual Talent Pay | $ 100.00 |
| Total Yearly Income | $ 22,397.35 |
| Per Month | $ 1,866.45 |
| Plus Child Support | $ 312.43 |
| Total Monthly Income | $ 2,178.88 |

**Defendant's Regular Monthly Expenses**

| | |
|---|---|
| − Rent | $ 600.00 |
| − Electric | $ 60.00 |
| − Water | $ 60.00 |

| | | |
|---|---|---|
| – Phone | $ 60.00 | |
| – Food | $ 425.00 | |
| – Clothing | $ 50.00 | |
| – Laundry | $ 20.00 | |
| – Medical | $ 300.00 | |
| – Recreation | $ 100.00 | (Not including YMCA) |
| – Charity | $ 40.00 | (Not including United Way) |
| – Car Insurance | $ 80.00 | |
| – Car Payment | $ 240.00 | |
| – Payment to Spouse | $ 300.00 | |
| Total | $ 2,335.00 | |

**Defendant's Claimed Monthly Net Income**

| | |
|---|---|
| Total Monthly Income | $ 2,178.88 |
| – Regular Mo. Expenses | $ 2,335.00 |
| Net Monthly Income | $ (156.12) |

## LAW

**Section 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

## DISCUSSION

Proceedings brought to determine the dischargeability of a particular debt are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). Thus, this case is a core proceeding.

This adversary proceeding comes before the Court upon the Parties' Cross–Motions for Summary Judgment. The standard for a Summary Judgment Motion is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in relative part: "A movant will prevail on a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, upon the movant meeting this burden, the opposing party may not merely rest upon their pleading, but must instead set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct.

2505, 2511, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see also In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995).

In this case, the statutory basis for the Plaintiff's Complaint to determine dischargeability rests entirely upon the exception to discharge contained in § 523(a)(15) of the Bankruptcy Code. Under this section, any debts which are incurred by a debtor during the course of a separation or divorce or under a separation agreement or court order, and which do not otherwise fall within the exception to discharge contained in 11 U.S.C. § 523(a)(5), are excepted from the scope of a bankruptcy discharge. *Bubp v. Romer (In re Romer),* 254 B.R. 207, 211 (Bankr. N.D.Ohio 2000). However, in an effort to further the fresh start policy of the Bankruptcy Code, the breadth of § 523(a)(15) is limited in two very important respects. First, § 523(a)(15) does not apply when a debtor does not have "the ability to pay" the marital debt(s) from income that is not reasonably to be expended in support of the debtor or the dependents of the debtor. Second, the § 523(a)(15) exception to discharge does not apply when discharging that debt would result in a benefit to the debtor that would outweigh the detrimental consequences to a spouse, former spouse, or child of the debtor. 11 U.S.C. § 523(a)(15)(B).

■ Under § 523(a)(15), the creditor/spouse bears the initial burden of establishing that the debt at issue was incurred by the debtor in the course of a divorce or separation, or in connection with a separation agreement, divorce decree or other order of a court of record. *Miller v. Miller (In re Miller),* 247 B.R. 412, 414 (Bankr.N.D.Ohio 2000). Thereafter, if the creditor/spouse meets this requirement, the burden of proof then shifts to the debtor to establish either an inability to pay, or that a discharge would result in a benefit to the debtor which would outweigh the detrimental consequences to the creditor/spouse. *Id.* In this case, the Parties do not dispute that the Defendant's obligation to pay the Plaintiff arose from a divorce decree. Thus, it is the Defendant's burden to prove that one of the two exceptions to nondischargeability contained in § 523(a)(15) are applicable. In this regard, the evidentiary standard is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991) (preponderance of the evidence standard used in dischargeability proceedings).

In this case, after examining the Parties' Memoranda, it appears to the Court that each Parties' assertion that they are entitled to judgment as a matter of law, rests entirely upon the exception to discharge contained in § 523(a)(15)(A). In this regard, the Defendant claims that she has met her burden under this exception to nondischargeability because her reasonable monthly expenses exceed her income.

■ Under § 523(a)(15)(A), which is known as the "ability to pay" test, the primary factor a court looks to is the amount, if any, of "disposable income"[1] that a debtor has available to pay the marital debt. *Miller v. Miller (In re Miller),* 247 B.R. 412, 414 (Bankr.N.D.Ohio 2000). In making this determination, the debtor's income is set against the debtor's

---

1. The Bankruptcy Code defines disposable income as that "income which is received by the debtor and which it is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor..." 11 U.S.C. § 1325(b)(2).

reasonable monthly expenses. In this regard, it is the Defendant's contention that she does not have any "disposable income" presently available. The Court, however, after examining the Defendant's above enumerated expenses, and in light of all the evidence presented in this case, finds that there are certain expenses set forth by the Defendant which are not accounted for or not satisfactorily explained, thus raising genuine issues of material fact. For instance, there is barely any information regarding the details of the Defendant's 401(k) account. Specifically, the Court does not know the duration of the Defendant's 401(k) loans taken against her 401(k) account. Further, the Court questions the propriety of the Defendant repaying loans taken from her retirement accounts, when such obligations, in addition to being discharged in the Defendant's bankruptcy, were meant to compensate the Plaintiff for the unequal allocation of the Parties' retirement assets. An additional expense the Court also questions is the miscellaneous loan listed by the Defendant as a part of her reasonable expenses. In particular, the Court doesn't have any information regarding the identity, length, or origination of this loan, thus making a determination as to the reasonableness of this expense impossible. For essentially the same reasons, the Court questions the Defendant listing her garnishment expenses as a reasonable monthly expense. This is especially true considering that this expense, in all probability, should have terminated upon the Defendant obtaining her bankruptcy discharge, an event which occurred on October 16, 2000.

■ The Court now turns to the second exception to nondischargeability in § 523(a)(15), the balancing test contained in subparagraph (B), and will address it briefly, even though the Parties' didn't raise it directly in their Motions for Summary Judgment. Under § 523(a)(15)(B), a debtor spouse is entitled to a discharge of a marital debt if discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the debtor's former spouse or children. In making this determination, the court is to review the financial status of the debtor and the creditor/ex-spouse, and then compare their relative standards of living.

With regard to this test, and after considering all the evidence in this case, the Court finds that there are genuine issues of fact with regards to the Defendant's compliance to the § 523(a)(15)(B) test. This decision rests upon the fact that there is insufficient evidence in this case for the Court to make any accurate assessment of each parties standard of living. For example, there were no details surrounding the expenses of the Plaintiff, Tom Smith.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Plaintiff, Tom Smith, be, and is hereby, DENIED; and that the Motion for Summary Judgment submitted by the Defendant, Vickie Anne Shurelds, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that this matter be, and is hereby, set for a Trial on Wednesday, May 2, 2001, at 1:30 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

It is **FURTHER ORDERED** that on, or before April 23, 2001, the Parties exchange and file with the Court pre-trial memoranda, bankruptcy schedules I and J, lists of

witnesses, lists of exhibits, and stipulations.

It is **FURTHER ORDERED** that the failure to file any of the above items may result in the Trial being continued, witnesses or exhibits not being introduced into Trial, or sanctions being imposed by the Court.