**In re Vickie Anne SHURELDS a/k/a Vickie Anne Smith, Debtor.**

**Tom G. Smith, Plaintiff,**

**v.**

**Vickie Anne Shurelds, Defendant.**

**No. 00–3233.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 2, 2001.

Andrew B. King, Lima, OH, for Vickie A. Shurelds.

Randy L. Reeves, Lima, OH, for Tom G. Smith.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

In the above captioned case, the Plaintiff seeks a determination that a marital debt owed to him by the Defendant/Debtor is a nondischargeable obligation in bankruptcy. The statutory ground upon which the Plaintiff relies for his complaint is 11 U.S.C. § 523(a)(15) which generally excludes from the scope of a bankruptcy discharge those debts incurred during the course of a divorce or separation. Originally, on the Plaintiff's cause of action under this section, the Parties filed Cross Motions for Summary Judgment. These Motions, however, were both subsequently denied by this Court in a Memorandum Opinion and Decision issued on April 6, 2001. *Smith v. Shurelds (In re Shurelds)*, 265 B.R. 891 (Bankr.N.D.Ohio 2001).

On May 2, 2001, the Court held a Trial on the Plaintiff's Complaint to Determine Dischargeability. After hearing the evidence presented at the Trial, however, the Court found that it had insufficient evidence to make a decision that would, within the bounds of legal certainty, lead to a correct result. Accordingly, in an Order dated May 3, 2001, the Court requested that the Parties submit additional informa-

tion; of particular importance, the Parties were ordered to submit, by May 25, an updated copy of their bankruptcy schedules I & J in which only their current household income and expenditures were reflected.

Thereafter, within the time frame allotted by the Court, the Parties submitted the requested materials. The Court, after reviewing these materials, finds that sufficient information has now been presented to make a decision with respect to the Plaintiff's cause of action under § 523(a)(15). Based upon a review of all the evidence presented in this case, including the testimony given by the Parties at Trial, the Court will now set forth its findings of fact. For brevity's sake, however, the Court will not repeat those background facts which were previously set forth in this Court's prior Decision which addressed the Parties' Motions for Summary Judgment.

First, in addressing the Defendant's situation, the Court, in accordance with Bankruptcy Rule 7052, makes the following factual findings:

—The Parties were divorced on May 27, 1999. Together the Parties have one child who is 15 years of age. The Defendant also has a 16 year old child from another father. Both of these children live with the Defendant. The Defendant receives child support from the Plaintiff for their child; the Plaintiff, at the time of Trial, was current in his support obligation. The Defendant does not receive any financial support from the father of the 16 year old child.

—The Defendant maintains through her place of employment a 401(k) account. The Defendant's interest in this account, at the time of the Trial, totaled $67,654.73. Prior to the time of the Parties' divorce, the Defendant made

three loans to herself against this account: $6,035.00 on June 19, 1996; $13,035.00 on August 13, 1997; and $15,000.00 on May 18, 1999. The Defendant is presently making payments on these loans at the rate of $649.08 dollars per month. If the Defendant fails to pay back these loans, she will incur a tax penalty.

—The Defendant was required, pursuant to the terms of the Parties' divorce, to pay to the Plaintiff $10,000.00 dollars. This amount was awarded to the Plaintiff, as a distributive award, to equalize the difference in values the Parties maintained in their respective pension accounts. The Defendant has never made any payments toward this marital obligation.

—The Defendant's base income is $42,000.00 per year. After factoring in mandatory deductions (@ 25% of gross salary), this amounts to $2,625.00 per month in take home pay. The Defendant also receives an additional $287.30 dollars per month in income for child support, thereby making the Defendant's total base monthly income $2,912.30. In addition, the Defendant, through working additional jobs, earns between $3,000.00 and $4,000.00 dollars per year.

—The Defendant has no legal obligation to pay back a garnishment and miscellaneous loan previously listed by the Defendant as a deduction from her income.

—The Defendant's reasonable monthly expenses are as follows:

| | |
|---|---|
| Rent | $ 450.00 [1] |
| Electricity/Heat | $ 175.00 |
| Water/Sewer | $ 75.00 |
| Telephone | $ 40.00 |
| Home Maintenance | $ 30.00 |
| Food | $ 500.00 |
| Clothing | $ 227.00 |
| Medical/Dental | $ 135.00 |
| Transportation | $ 160.00 |
| Recreation | $ 85.00 |
| Auto Insurance | $ 80.00 |
| Auto Payments | $ 375.00 |
| Expenses for Children's extracurricular activities | $ 100.00 |
| Total | $2,432.00 |

Although the Defendant has, in the past, struggled to meet her financial obligations, the Defendant's salary enables her to afford all the basics necessities of life.

Turning to the Plaintiff's financial situation, the Court makes the following findings of fact:

—The Plaintiff has one child, age 15, by the Defendant, and another child, age six, by another woman.

—The Plaintiff currently lives with a woman named Priscilla Durbin who has a 16 year old daughter; this daughter does not live with Ms. Durbin. The Plaintiff and Ms. Durbin share living expenses. As a result of sharing living expenses, Ms. Durbin's current income versus current expenditures show that she has approximately $150.00 dollars per month in disposable income. This figure, however, does not take into account over $13,000.00 dollars in past due debt.

1. The Defendant, who at the time of the Trial was being evicted from her home, testified that she could probably rent an apartment for approximately Three Hundred dollars ($300.00) per month. The Court, however, considering that the Defendant has two teenage children finds this figure too low. Similarly, given this same consideration, the Court allotted to the Defendant's reasonable monthly expenses more money for food.

—The Plaintiff has a monthly income of $2,752.10. Against this salary, the Plaintiff has three mandatory monthly deductions: (1) Payroll Taxes and Social Security of $867.97; (2) $37.50 for Union Dues; and (3) $556.92 for Child Support. After factoring in these mandatory deductions, the Plaintiff's net monthly pay is $1,289.71.

—For the 2000 tax year, the Plaintiff received a tax refund of approximately $2,700.00. The Plaintiff may receive slightly more as a tax refund for the tax year 2001.

—The Plaintiff's reasonable monthly expenses are $1,217.00 per month. This figure includes three minimum monthly credit card payments totaling $40.00 dollars.

—Although able to afford all of life's basic amenities, the Plaintiff and Ms. Durbin do not engage in an extravagant style of living.

## LEGAL DISCUSSION

Proceedings to determine the dischargeability of debts are deemed core proceedings under 28 U.S.C. § 157(a)(2)(I). Thus, this Court has the jurisdictional authority to enter final orders over the Plaintiff's complaint to determine dischargeability.

■ For reasons of public policy, the Bankruptcy Code generally excludes from discharge those debts which arise from a divorce or separation. Section 523(a)(15), in part, implements this policy by providing that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a

separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

■ The above exceptions to nondischargeability contained in subparagraphs (A) and (B) are read in the disjunctive; thus a debt arising from a divorce or separation will be entitled to the benefits of a bankruptcy discharge if either (1) the debtor does not have the ability to pay the debt from disposable income; or (2) if discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the former spouse. *Sparagna v. Metzger (In re Metzger)*, 232 B.R. 658, 663 (Bankr.E.D.Va. 1999). As these exceptions to nondischargeability constitute affirmative defenses, the debtor bears the burden to establish their existence by a preponderance of the evidence. *See, e.g., Crawford v. Osborne (In re Osborne)*, 262 B.R. 435, 439 (Bankr.E.D.Tenn.2001).

■ Under the first exception to nondischargeability contained in § 523(a)(15)(A), a debt will be found to be dischargeable, without the necessity of further inquiry, if the debtor does not have

the "ability to pay" the debt. Making such a determination is relatively straightforward: First, a court must determine whether the debtor has any disposable income available in which to pay the debt; if not, the debt is automatically dischargeable. Second, if the debtor does have disposable income available, the Court must then determine whether the debtor can realistically repay, after considering the total amount of indebtedness involved, the marital debts within a reasonable amount of time. *Bubp v. Romer (In re Romer)*, 254 B.R. 207, 212 (Bankr.N.D.Ohio 2000). For purposes of this analysis, a debtor's disposable income may be defined as that income which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. *Koenig v. Koenig (In re Koenig)*, 265 B.R. 772, 775–76 (Bankr. N.D.Ohio 2001).

In this case, the findings of fact made by the Court show that, after considering the Defendant's reasonable monthly expenses of Two Thousand Four Hundred Thirty-two dollars ($2,432.00), the Defendant, not counting the income she receives from her extra jobs, has just under Five Hundred dollars ($500.00) per month in disposable income. This income, if dedicated in full to repayment of the marital debt, would pay off this debt in well under two years. Thus, on this basis, it is clear that the Defendant has not met her burden of proof under the "ability to pay" test contained in § 523(a)(15)(A). Thus, the sole issue for this Court to now address in this proceeding is whether the Defendant's obligation to pay the Plaintiff Ten Thousand dollars ($10,000.00), as is required under the terms of the Parties' divorce decree, falls within the scope of the exception to nondischargeability contained in § 523(a)(15)(B).

Section 523(a)(15)(B), which is commonly referred to as "Balancing Test," provides that a marital debt will be discharged if the benefit to the debtor in discharging such a debt would outweigh the detrimental consequences to a spouse, former spouse, or child of the debtor. *In re Romer*, 254 B.R. at 214. Previously, this Court has held that the best way to apply this "Balancing Test" is for a court to review the financial status of the debtor and the creditor, and then to compare their relative standards of living to determine the true benefit of the debtor's possible discharge against any hardship the spouse, former spouse and/or children would suffer as a result of the debtor's discharge. *Miller v. Miller (In re Miller)*, 247 B.R. 412, 416 (Bankr.N.D.Ohio 2000); *Perkins v. Perkins (In re Perkins)*, 221 B.R. 186, 191 (Bankr.N.D.Ohio 1998). In essence, the Court is to decide who will suffer more if the debt is discharged. *See, e.g., In re Smither*, 194 B.R. 102, 110 (Bankr.W.D.Ky.1996).

With regards to this test, the first thing that is noted in this case is that each party's standard of living is relatively comparable to the other's. Similarly, and although both the Defendant and the Plaintiff are able to afford all of life's basic necessities, neither party has too much in the way of excess income that could be utilized to significantly raise their standard of living. Beyond this, however, it is noted that the Defendant has just under Five Hundred dollars ($500.00) per month in disposable income. Such income, although not in all instances dispositive of the issue, clearly goes against a finding under § 523(a)(15)(B) for the Defendant. *See Lumley v. Lumley (In re Lumley)*, 258 B.R. 433, 437 (Bankr.W.D.Mo.2001) (the former spouse's ability to pay is one factor to consider in an analysis under § 523(a)(15)(B)). In this same regard, it is also noted that the Defendant still main-

tains significant assets in her 401(k) accounts.

Conversely, the Court is well aware of the fact that the Plaintiff's net monthly income did not factor in the rather large income tax refund the Plaintiff has, and will likely in the future receive. In this respect, the Court will not permit a party to conceal otherwise available income by that party simply making an overpayment to the IRS. Once more, the Court observes that the Plaintiff, unlike the Defendant, does not have minor children living at home who, as the Court is well aware, can cause unforeseen drains on a party's financial resources. Nonetheless, in this Court's mind such considerations simply equalize the benefits and detrimental consequences that would befall the Parties if this Court were to discharge the Defendant's marital obligation. The exception to nondischargeability contained in § 523(a)(15)(B), however, requires that the benefits of a discharge to the debtor must *outweigh* the detrimental consequences to the former spouse; a threshold which, in considering such things as the Defendant's disposable income (just under $500.00 dollars per month) verses the size of the marital debt ($10,000.00 dollars), has not been met in this case. In this regard, the Court observes that when there exists a doubt as to the dischargeability of a marital debt, a court, in deference to the underlying state court decision, should error on the side of caution. *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397 (6th Cir.1998) (in matters concerning domestic relations, a bankruptcy court should be very hesitant to overturn those decisions made by the state court); *Bernstein v. Nagel (In re Bernstein)*, 20 B.R. 595 (Bankr.M.D.Fla. 1982) (a bankruptcy court should proceed with great caution in areas concerning domestic relations).

In coming to the conclusion that § 523(a)(15)(B) is inapplicable, the Court is very cognizant of the fact that this decision may, by making it difficult for the Defendant to repay her 401(k) loans, lead to adverse tax consequences for the Defendant. However, as occurs in many divorce situations, two incomes are simply no longer sufficient to support the obligations which existed prior to the time of the divorce. Thus, while the Court appreciates the Defendant's predicament, the Court is not persuaded that such a consideration is sufficient in weight to change the outcome in this case.

In sum, the circumstances presented in this case do not establish for the Defendant her requisite burden under either § 523(a)(15)(A) or § 523(a)(15)(B). As a result, the Court holds that the Defendant's obligation to pay the Plaintiff Ten Thousand dollars ($10,000.00), as is required under the terms of the Parties' divorce decree, is a nondischargeable debt for purposes of bankruptcy law. The Court, however, declines to award the Plaintiff his attorney fees and expenses in bringing this action as was prayed for. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the obligation of the Debtor/Defendant, Vickie Anne Shurelds (a/k/a Vickie Anne Smith), to pay the Plaintiff, Tom G. Smith, the sum of Ten Thousand dollars ($10,000.00) pursuant to the Parties' judgment entry of divorce (Case No. DR98–10–0594, Allen County Common Pleas Court), be, and is hereby, determined to be a NONDISCHARGEABLE DEBT.